Ham,, Judge
 

 It is a position disputed hy no one, that ii it is intended to create a fee in the grantee, either by conveyance, at common law, or under the statute of uses, the conveyance must be made- to the, grantee and his
 
 heirs.
 
 If it be to the grantee, without superadding the word
 
 heirs,
 
 only a life estate passes. That appears to be the case in the deed from
 
 Veaaey.'
 
 The words
 
 heirs of the grantee,
 
 are used in no part of the deed, ex-
 
 *27
 
 eeptinthe danse of warranty, or the clause for covenant of warranty. If it is considered as a warranty, altho’ the warranty is made to the grantee and
 
 his heirs,
 
 it cannot enlarge the estate before granted.
 
 (Seymour’s case,
 
 10
 
 Rep,
 
 97). If it is considered as a clause for quiet enjoyment, there are no words in it importing a grant or transfer of any thing, hut only a guarantee of what has been granted. Nor can the difficulty be avoided, by any fair transposition of the words or sentences in the deed. Tlie meaning of the grantor cannot he better collected from the deed than by reading it naturally. It is very probable that lie intended to convey the fee, but that intention cannot be collected from the deed.
 

 A life estate is. not enlarged into a fee, either by a warranty in fee, or by a covenant for quiet enj oymentto the grantee and his heirs.
 

 Tr.a CuuiAM. — Judomektreversed.