Pearson, J.
 

 The exception embraces all the pine trees growing on the land large enough to square one foot at -the date of the deed, but we see nothing by which its meaning can be extended -so as to'take in all pine trees that should at any time thereafter grow to be large enough to square one foot: such a construction is unreasonable : In the forcible language of Judge Daniel, in
 
 Robinson v. Gee,
 
 4 Ire. 186, “it eould never have been intended by Reid, (the vendor,) when
 
 *38
 
 lie made the reservation, that the tract of land should be a perpetual plantation for the raising of pine timber for his benefit.”
 

 Such a construction would include all the pine trees that might at any time grow on the land : if it was the intention that the vendor should have all, why specify the size of any ? Supposing the vendee to have no interest in them, it was a matter of indifference to him of what size the trees might be when the vendor saw fit to cut them : In fact, the sooner they should be taken off of the land the better it would be for him ; because it would leave room for trees of some other kind, or at all events for grass to grow. So this identification of the trees, by specifying the size, tends to show that the intention was to include such only as at that time answered the description.
 

 If the vendor reserved the right to all the pine trees, whenever they grew to be of a certain size, it follows that the ven-dee has not the right to cut down, or use a single pine tree of any size, because it would be inconsistent with the reserved rights of the vendor, and there is no stipulation securing to the ven-dee any such right. So the case is, one gives $2,000 (the consideration set out in the deed) for 640 acres, lying on the North "West (Cape Fear) river, and has no right to cut a single pine tree for fencing or other plantation uses, or to clear an acre of the land !! The vendee, if this be so, instead of taking a conveyance of the land, might have been content with the right of common of pasturage : with these restrictions he could use it for little else than a sheep-walk. It is much the same as if one should buy a sheep, and allow the vendor to reserve the right to the wool, with the privilege of shearing it,
 
 yea/r after year,
 
 as long as the animal lived.
 

 In support of the construction contended for, two grounds were relied on: the words are, “ that
 
 will
 
 square one foot.” It is said that “ will” is in the future tense, and includes all time to come. This is a strained inference. “ Will” is obviously used in reference to the act of measuring, and the sense is “ that will, if measured now, square one foot.” You buy
 
 *39
 
 all tbe bogs in a drove that will weigh 200 lbs.; the meaning is
 
 now
 
 — as soon as it can be ascertained; because no future time is fixed on, and from the nature of the thing, it is unreasonable to suppose that an indefinite future time is meant.
 

 Sndly. The restriction is to the vendors,
 
 “
 
 their heirs and assigns foreverThe privilege to enter, is “ to them, their heirs and assignsThis, it is contended, shows that the meaning was to include all pine trees that should at any time, thereafter, grow to be of the required size,” and the argument is, if this be not so, why insert the word “ heirs ?”
 

 It is obvious that the word is used as a word of limitation, and it was necessary, in order to give the vendors a fee simple estate in the pine trees that were at that time of the size agreed on. But for this word of limitation the estate reserved would have been for life only, and upon the death of the vendors, their personal representatives could set up no claim to the trees left standing, because they were attached to the soil and formed real estate: nor could their heirs, because the estate was not one of inheritance, and as the tract was large, (640 acres) so that in all probability the vendors would not find it to their interest to cut all the timber to which they were entitled in their life times, there was a good reason for using apt words to mate an estate in fee simple; which accounts for the words “ heirs and assigns forever,” without the necessity for supposing that the 640 acres was to be “a perpetual plantation for the raising of pine timber for their benefit.”
 

 In
 
 Robinson
 
 v.
 
 Gee,
 
 one Reid conveyed the land to James Gee, (under whom the defendant claimed) “ reserving only to himself, the said Archibald Reid, and his heirs and assigns forever, all the saw mill timber on the same land standing and being,
 
 or which may hereafter sta/nd or be on the said
 
 land,
 
 or any part
 
 thereof, with full and absolute privilege of egress and regress in and upon the said land at all times, for the purpose of cutting and taking away the said reserved timber,
 
 except such timber only as shall be at 'any time necessary for fencing
 
 or for plantation purposes on the said land,” and yet notwithstanding the words “ or which may hereafter stand or
 
 *40
 
 be on said land or any part thereof,” and the exception to the exception of “such timber only, as shall be at -any time necessary for fencing and plantation purposes,” so strong was the conviction of the Court, from the nature of the thing, that it could not have been the intention to make the land a “ perpetual plantation for the raising of pine timber for the benefit of the vendor,” that the circumstance of the description in the mesne conveyance being expressed in terms more general (although, direct reference is made to the deed of Robinson to Gee,) is seized on, to support a construction by which it is held that the vendor had a right to cut up into cord wood, and sell any pine tree that was not large enough to be fit for the saw mill.
 

 In our case no words pointing directly to a future state of things are used, consequently there is nothing to force us into the adoption of a construction so unreasonable, and according to which the owner of the land would not, in all time to come, have a right to cut a pine tree for fencing or other plantation purposes, or even to clear an acre of the land, if any of the growth happened to be pine.
 

 'If the doctrine of “future uses” be supposed to be applicable to a conveyance, or a reservation without the interposition of a trustee to hold the legal estate, certainly no such use can be raised except by an express declaration : in our case there is not the slightest intention to declare any such future use.
 

 On the argument, the defendants’ counsel insisted that the action was misconceived, and should have been trespass
 
 vi et armis:
 
 In reply,
 
 Williams
 
 v. Lanier, Bus. Rep.
 
 30,
 
 was relied on. This point is not now before us, of course we are not at liberty to express an opinion.
 

 Pee Cueiam.
 
 Venire de novo.