BENJAMIN JUSTICE *v.* HULDA EDDINGS.

Title to land cannot be passed when a third person is in the actual adverse possession. Sec. 55, C. C. P., provides that an action may be maintained by a grantee of land in the name of a grantor, when the grant is void by reason of the actual possession of a person claiming adversely, &c.

A defendant who is allowed to defend an action for the recovery of land, without giving bond to the plaintiff, is entitled to recover costs.

A description of "two acres," excepted out of a deed by plaintiff to one S. E. for eighteen acres of land, (which is sufficiently described) the said two acres being allotted to the common school house by metes and bounds, is sufficiently definite to give effect to the exception.

The Act of 1874–'75, which allows a purchaser who has obtained a deed to sue for the land in his own name, concerns only the mode of procedure, and does not affect the merits of the case. The Act is not unconstitutional.

CIVIL ACTION, for the recovery of two acres of land, tried before his Honor, Judge SCHENCK, at Spring Term, 1875, of the Superior Court of CLEAVELAND County.

A jury trial was waived, and the whole matter was tried by the Court.

The plaintiff introduced a deed, properly registered from one Beam to himself, dated 12th September, 1863, for forty acres of land, including the *locus in quo.* Also, a deed from

the plaintiff to Spencer Eddings, the husband of the defendant, now dead, dated 14th September, 1863, for 18 acres of the same land, which also included the *locus in quo*. In this last deed was a reservation, to-wit: " excepting two acres allotted to the common school house, by metes and bounds." Also, a deed, dated 28th March, 1874, from the School Committee of Township No. 6, to plaintiff, for two acres of land, which embraces the lands claimed by him in this action.

Plaintiff further introduced one L. A. Bolls, who proved that Beam had possession of the land contained in the deed for the 40 acres, for 30 or 40 years, and others before him and going back 50 or 60 years.

The defendant introduced a deed from the Clerk of the Board of Commissioners, to defendant, dated 7th May, 1870, which was *locus in quo ;* no official seal attached.

Defendant also introduced one Bridgers, Clerk of the Board, who executed and delivered the deed, and he testified, that the Board of Commissioners of Cleaveland county had no official seal at that time, and also showed the order of the Board to him to make the deed to the defendant.

It was also proved that the defendant had been in possession of the *locus in quo* ever since her deed in 1870, using it as her property, and a part of which she had enclosed and cultivated.

The Court thereupon found as facts :

1. That defendant was in the adverse possession of the lands, under color of title, when the School Commissioners conveyed to the plaintiff, March, 1874.

2. And his Honor was also of opinion, as a question of law, that the reservation in the deed from the plaintiff to the defendant of the 18 acres, was void for uncertainty ; and that there was no evidence which cured this defect in said deed, so as to make it certain.

His Honor gave judgment for the defendant, and the plaintiff appealed.

*Battle & Mordecai,* for appellant.
No counsel, *contra,* in this Court.

PEARSON, C. J.   Title to land cannot be passed where a third person is in the actual adverse possession ; hence, in the action of ejectment under the old mode of procedure, it was the practice to lay a demise in the name of the grantor, and demises in the name of any one of the persons in the chain of mesne conveyances under whom the lessor claimed, as the pleader was advised.

C. C. P. excludes this convenient mode of having several counts, and as a substitute therefor, provides, sec. 55, " an action may be maintained by a grantee of land in the name of a grantor, when the grant is void by reason of the actual possession of a person claiming adversly," &c.

The attention of the plaintiff was called to this objection in the Court below, but he was not advised to amend, and the objection is fatal to the action.   The defendant was entitled to judgment upon this point, and it is not necessary to consider the others set out in the case.

It is insisted, as the defendant was allowed to defend without giving bond for costs and damages under sec. 382, Battle's Revisal, title " Code of Civil Procedure," although entitled to judgment " to go without day," she was not entitled to judgment for costs.   This is put on the idea that she is allowed to *defend in forma pauperis.*

The statute is silent on the subject of costs ; the proviso relieves the defendant from giving the bond under certain circumstances, and the matter is left to stand upon the general law in respect to costs.   There is no error.

See continuation of opinion as to the act 1874–75, ch. 256.

After the opinion in this case was filed, the attention of the Court was called to the act 1874–'75, which allows a purchaser who has obtained a deed, to sue for the land in his own name.   The act takes effect from and after its rati-

fication, and extends to existing suits. It is the duty of counsel to aid the Court in regard to the law, and particularly in regard to the many new statutes which were enacted during the transition state.

The statute concerns only the mode of procedure, and does not affect the merits of the case, therefore nothing can be said as to impairing the obligation of contracts.

The act of the General Assembly cited is not in violation of the Constitution, and controls the case, so far as this point is concerned, upon the question as to the description of the two acres in dispute. We differ with his Honor, and are of opinion that the description is sufficiently definite to give effect to the exception, although it would have been relieved from all ground of objection had the metes and bounds been set out.

The description is, " two acres excepted out of a deed by Benjamin Justice to Spencer Eddings, for eighteen acres of land, (which is sufficiently described,) the said two acres being allotted to the common school house by metes and bounds."

The two acres is not left at large, but is pointed at as a part of the eighteen acre tract. It is further pointed at as being the two acres allotted to the school house. Of course this means the school committee of the district. See the case of the Lunatic Asylum.

It is further pointed at, and we think sufficiently identifying, as being the two acres allotted by metes and bounds—all that is left to be done is to " fit the description to the thing," and if the two acres sued for fit the description in all the particulars, being a part of the eighteen acres being allotted to the school committee, as being embraced in metes and bounds, so as to put it off to itself, then it is sufficiently identified under the rule, "*Id certum est quod certum reddi potest.*"

My house and lot in the town of Jefferson, is held to be a

sufficient description when the grantor owned but one in the town. " The tract of land on which A B now lives," and other instances too numerous to mention, all show that the description is not so indefinite as to make the exception void, but may be helped out by rules of law based on the policy, " *Ut res magis valeat, quam pereat.*" The deed on its face purports to convey eighteen acres, with an exception of two acres ; in other words, the deed only intends to convey sixteen acres, and it is with an ill grain that the purchaser, or one claiming under him, can claim the whole eighteen acres.

For this error in the ruling of his Honor there will be a *venire de novo.*

Error.

PER CURIAM.                                        *Venire de novo.*