## D. V. WARREN v. BETTIE L. SHORT.

*Deeds— What Passes by Deed—Conveyance of Standing Timber—Construction of Deed—Exceptions in Deed.*

1. A conveyance, unless a contrary intent is expressed in the deed, relates to the date of its execution, and only such property passes as fulfills the description at the time of executing the conveyance.

2. An exception in the deed of a part of the thing granted must be described with the same certainty as the subject-matter of the conveyance, and the rule for ascertaining what is excepted is the same as that for determining what passes by the deed.

3. A conveyance of all the timber which measures twelve or more inches in diameter at the stump, growing on a certain tract, all of it to be cut and removed within ten years, includes only the timber of that dimension when the conveyance was executed.

CONTROVERSY, submitted without action, and heard before *Timberlake, J.*, at Spring Term, 1896, of BEAUFORT Superior Court. From the agreed statement of facts it appeared that on 11th December, 1888, D. V. Warren sold and conveyed to E. M. Short, executor and devisor of the defendant, " all the timber which measures twelve inches in diameter at the stump, or more than twelve inches, standing on a certain tract of land." The deed provided that " all the said timber above conveyed which shall remain standing, or which shall not be removed from said land within the period of ten years from this date, shall become the property of and revert to the party of the first part, it being the object and intent of the parties hereto that the said timber shall be cut and removed from the said land within the said period of ten years."

" The defendant claims that all timber which now measures twelve inches in diameter and upward at the stump, standing and growing upon the said tract of land, or which shall measure twelve inches and upwards in diameter at the stump within ten years from the 11th day of December, 1888, belong to her under said contract and conveyance, and she proposes to cut and remove the same. The plaintiff, D. V. Warren, claims and insists that the said contract conveyed only such timber as was standing and growing upon said tract of land at the date of the conveyance, and was at the time twelve inches or more in diameter at the stump, except such timber under that size as is conveyed for the purpose of constructing a railroad or tramway thereon, or rafting the timber cut thereon. She contends that all timber not twelve inches or more in diameter at the stump at the date of said contract, with the above exceptions, does not belong to defendant, and is not conveyed by the said deed or contract, although the same may now be twelve inches or more in diameter at the stump, or may be of that size within ten years from the date of the contract.

" Upon the above state of facts it is agreed by the parties hereto that if the court should be of the opinion that only such timber, except timber for rafting, tramways, etc., as was twelve inches and upwards in diameter at the stump, and was standing and growing upon the said tract of land passed by said conveyance, it shall so declare and adjudge, and shall tax the defendant with the costs of this controversy. But if the court should be of the opinion that not only was all timber standing and growing upon said tract of land twelve inches and upwards in diameter at the stump at the date of the contract conveyed thereby, but that it also conveyed all timber which should attain that size within ten years from the date of the convey-

ance, then the court shall so declare and adjudge, and shall tax the plaintiff with the costs of this proceeding."

His Honor adjudged as follows:

"That the plaintiff, Deborah V. Warren, is the owner and entitled to the immediate possession of all timber standing and growing upon a certain tract of land described in a contract between Deborah V. Warren and E. M. Short, dated December 11th, 1888, and recorded in the Register's office of Beaufort county, which measured less than twelve inches in diameter at the stump at the date of said contract, although the said timber may exceed that size at this time, saving and excepting such of the timber upon said land as the defendant may need for constructing railroads and tramways on said land or for rafting the timber cut thereon under the contract aforesaid. It is further adjudged the plaintiff recover of the defendant the costs of this proceeding, to be taxed by the Clerk."

From this judgment the defendant appealed.

*Mr. Chas. F. Warren*, for plaintiff.
*Mr. W. B. Rodman*, for defendant (appellant).

AVERY, J.: A conveyance of land at common law was deemed, unless a contrary intent was expressed in the deed, to relate to the date of its execution, and hence in construing the Statute of Wills (which contained the words "having an estate of inheritance") the courts decided that devises, being a species of conveyance, only land to which the devisor had title at the date of the execution of the instrument, not land acquired between that time and his death, passed by a general disposition of all of his land. 2 Blk., p. 378. A person may convey the whole mineral interest, or only a particular mineral, or the whole of the timber, or only certain trees designated by dimensions or species, or by both, and in either case such trees pass as ful-

fill the description at the time of executing the conveyance. The modification of the common law principle, in so far as it relates to devises, in no way affects its application to deeds of conveyance.    Upon this principle, as well as upon the reason of the thing, it was held in *Whitted* v. *Smith,* 2 Jones, 36, that an exception in a deed of " all the pine timber that will square one foot" embraced only such timber as had attained the size specified at the time.    An exception in a deed of a part of the thing granted must be described with the same certainty as the subject-matter of the conveyance, and hence the rules for ascertaining what is excepted must be the same as those for determining what passes by the deed.

The conveyance contained no language which evinced a purpose to take the instrument out of the general rule. One may convey something that has no potential existence, subject to such restrictions as are imposed by public policy, provided, always, he expresses with sufficient clearness his intent to do so.    *Williams* v. *Chapman,* 118 N. C., 943; *Brown* v. *Dail,* 117 N. C., 41; *Loftin* v. *Hines,* 107 N. C., 360.    The deed might have been so drawn as to pass all trees that would attain the size mentioned within a reasonable, though not for an indefinite period, but the terms of the deed cover none that did not fill the description at its date, and no others passed.    *Robinson* v. *Gee,* 4 Ired., 186.

For the reasons given the judgment of the court below is affirmed.

Affirmed.