BOND v. CASHIE AND CHOWAN RAILROAD AND LUMBER COMPANY.

(October 9, 1900.)

1. *Deeds—Exceptions—Reservations—Timber—Trespass.*

> An exception in a deed of "good heart pine timber, suitable for mill timber," constitutes an exception and prevents the grantee from recovering for a trespass committed by cutting such timber.

2. *Deeds—Reservations—Exceptions—Timber—Trespass.*

> An exception in a deed of "pine timber while I hold the mill," constitutes a reservation for the life of the grantor only, and a deed executed by his heirs conveys nothing.

CIVIL ACTION by Humphrey Bond against the Cashie and Chowan Railroad and Lumber Company, heard by Judge O. H. Allen and a jury, at Fall Term, 1899, of BERTIE Superior Court. Both parties appealed from the judgment of the Court.

*Robert B. Peebles,* for plaintiff.
*Francis D. Winston,* for defendant.

MONTGOMERY, J. This action was brought by the plaintiff to recover of the defendant damages alleged to have arisen from a forcible trespass upon the plaintiff's premises, and also to recover the value of certain timber alleged to have been cut from the premises under the alleged trespass. The defendant in its answer, while it denies the plaintiff's title to the land, yet makes no claim to the land itself, and admits that at the times mentioned in the complaint it cut large quantities of timber from the land, and avers its right to do so, both by purchase and by having exercised that right for 40 years through itself and those from whom it claims. On the trial

the plaintiff introduced a deed of date the 25th of January, 1871, from James D. Brickle to himself, to the land described in the complaint, in which there was an exception of "the good heart timber suitable for mill timber." The defendant offered to introduce a deed from Levi Harden to Calvin Hoggard, dated the 15th of March, 1863, to the tract of land mentioned in the complaint, the deed containing the following reservation: "Except the pine timber suitable for mill timber, which I hereby reserve while I hold the mill, or my children;" and also a deed from the heirs, by name, of Levi Harden to the defendant, dated the 22d of April, 1889, in which was conveyed "all of the pine timber measuring 12 inches and upward in diameter on the stump where cut." His Honor refused to allow the deeds to be read in evidence, and in the ruling there was no error. The language in the deed, "all of the pine timber," etc., constituted a reservation, and a reservation for the life, at longest, of the grantor. *Whitted v. Smith,* 47 N. C., 36; *Roberts v. Forsythe,* 14 N. C., 26. And so the deed from the heirs of Harden to the defendant conveyed nothing, Harden having died before the execution of the deed. The defendant offered no evidence tending to show that any person had cut any timber from the land, except such timber as was embraced in the exceptions in the deed from Brickle to the plaintiff.

There was no error.

## PLAINTIFF'S APPEAL.

His Honor submitted a separate issue as to how much of the timber trees cut were "good heart pine timber suitable for mill timber," on the 25th of January, 1871, the date of the deed from Brickle to plaintiff, and the value thereof. The response of the jury was one-tenth of the amount, and the value thereof $46.87. His Honor held that the language in

the deed from Brickle to the plaintiff, "except the good heart timber suitable for mill timber," constituted an exception, and not a reservation, in its technical sense, and that the timber was never granted, and that the plaintiff was not entitled to recover of the defendant the value of such timber.

In his Honor's ruling there was no error.