## WILTZ VENEER COMPANY v. A. T. ANGE ET ALS.

### (Filed 18 February, 1914.)

**1. Deeds and Conveyances — Standing Timber — Future Growth—Vested Interests.**

A conveyance of standing timber of a certain diameter and such as may attain that size during the period allowed for cutting, vests in the grantee a present estate in the timber, both that which at the date of the deed is of the specified size and that which within the period will attain it, postponing the grantee's right to cut, as to the latter, to the time when it reaches the size called for in the conveyance.

**2. Same—Undergrowth—Equity—Injunction.**

Where standing timber of a certain size is conveyed and that which may attain that size during the period of cutting, and the right is also given to cut smaller growth for car standards, railroad ties for the logging road of the grantee, etc., the grantor may be enjoined, within the stated period, from cutting or removing the undersized timber, where it appears from the evidence that some of the trees will reach by natural growth, within the stated period, the size stated in the deed.

**3. Deeds and Conveyances — Standing Timber — Future Growth—"May"—Words and Phrases.**

Where timber of a certain size is conveyed, together with that which "may" attain that size within the period of time allowed for cutting, the word "may" will be interpreted as meaning such timber as *can* by natural growth reach that size within the period stated.

**4. Expert Evidence — Deeds and Conveyances — Timber — Future Growth.**

When it is relevant to the inquiry as to what timber of a certain size, or that may attain that size during the period of cut-

ting, has passed by a deed, testimony of experts is competent to show the probable increase in the diameter of the smaller trees to the specified size within the time and according to the law of nature.

APPEAL by defendant from order made by *Connor, J.,* at chambers, 16 September, 1913; from WASHINGTON.

This action was brought by the plaintiff for the recovery of damages and to enjoin the defendants from cutting on and removing from two certain tracts of land the timber and undergrowth standing thereon. The defendants, by deeds dated respectively 29 November, 1909, and 14 January, 1913, conveyed to the plaintiff the timber and undergrowth on the tracts of land described in the said deeds, with the right to cut and remove the timber, and to cut and use the undergrowth for the purposes specified in the deeds, which contain stipulations substantially similar as to the time of cutting and removing the timber, except, perhaps, as to the timber to be cut during the extension period, but no reference was made to any such difference in the argument now before us, nor is there any in the briefs; so it is pretermitted. We take the following clauses from the deed of 14 January, 1913: "The growth and timber herein mentioned and hereby sold and conveyed is all that growth on the said tracts which is now or which may at any time within the period of ten years from this date or any extension thereof be or reach in said time the size of 12 inches on the stump or upwards when cut, to be cut 18 inches above the ground at any time during the said term of ten years from this date or any extension of said term as hereinafter set out. . . . Also the right to cut smaller growth and undergrowth under the size mentioned above without liability, for car standards, railroad ties for the logging roads of the party of the second part."

The defendant has cut trees from the land which will grow to the size specified for cutting during the period fixed in the deeds, as found by the court.

The contentions of the respective parties are thus stated by the court in its findings and judgment:

"The plaintiff contends that it is the owner under the two deeds of all timber standing on the land which was at the dates of the deeds or which would reach at any time during a period of ten years from the said respective dates, or during any extension of such period as therein provided, the size of 12 inches or upwards in diameter at the stump; and also that the plaintiff is the owner, with right to cut, use and remove for making tramways, car standards, etc., all undergrowth and smaller sized timber on the land, as described in the deeds. The defendants admit that plaintiff is the owner of all the timber which was, at the dates of the deeds, 12 inches and upwards in diameter at the stump; that during the period aforesaid the plaintiff has the right to cut and remove so much of the timber as may, during said period, have attained to such size when cut; but the defendants deny that plaintiff is now the owner of or has any title to or estate in the timber which is now under the size aforesaid; and defendants further deny that plaintiff is now the owner of any undergrowth or of any timber under the size of 12 inches in diameter at the stump, which may be necessary for tramways, car standards, etc.; but contend that the plaintiff has the right by virtue of the deeds to cut, use, and remove only so much of the undergrowth and timber under the size aforesaid as may be necessary for the purposes specified, *from time to time* during the stipulated period."

The court found as facts that a pine tree not now less than 7 inches in diameter, and hardwood trees not less than 10 inches at the stump, will grow to the size of 12 inches in diameter at the stump 18 inches from the ground within the period of time named in the deeds, and enjoined defendants from cutting any such timber, and also from cutting and removing any undergrowth which will not reach the size of 12 inches in diameter within said time, except for firewood and "general plantation purposes," and then only in such a way as not unnecessarily to interfere with plaintiff's rights under the deeds, and continued the injunction to the hearing, with leave to apply for an increase in the amount of plaintiff's undertaking.

Defendant appealed.

*W. M. Bond, Jr., for plaintiff.*
*Gaylord & Gaylord for defendant.*

WALKER, J., after stating the case: We do not see why the judgment of the court below was not correct. The contract of the parties, as it appears in the deeds, is not very clearly expressed, but sufficiently so to make its construction a question for the court. The defendants conveyed to the plaintiff, not only the trees which, at the date of the deeds, had reached a certain diametric size, but also those which could, at any time during the fixed period, grow to that size. Discarding irrelevant words, the language is, "all that growth which is *now* (of the prescribed diameter) or which, *at any time* within the period of ten years from this date, may reach the size of 12 inches on the stump or upwards, when cut, the cutting to be 18 inches above the ground." They not merely conveyed trees found to be of a certain size at the time of cutting them, but presently passed all that would attain to that size during the time allowed for cutting and removing the same. It was said by *Justice Avery,* for the Court, in *Warren v. Short,* 119 N. C., 39, that "a deed might be so drawn as to pass all trees that would attain to the size mentioned within a reasonable time fixed by the deed," and these deeds were presumably framed in accordance with that suggestion.

It may not be necessary to decide, for the purpose of this appeal and at this time, whether the estate in those trees which would, in the course of natural growth, reach the required diameter, vested absolutely at the date of the deeds, as much so as it did in those which were then of that dimension, it being susceptible of proof that trees of a certain age now will be of the required size before the expiration of the period allowed for cutting and removing the timber; for if the plaintiff has merely a contingent right or interest in the trees, which, by the natural growth of the trees, will ripen into a vested one, we should still protect it by restraining any act of defendant committed or threatened in derogation of that right or interest. But this is not even a contingent right, as we gather from the findings. It can be determined with reasonable certainty, as we have said,

that a tree will, within a given period, grow to a certain size, measured diametrically, and therefore it cannot well be doubted that the parties intended, at the date of the deeds, that plaintiff should have a present estate, not only in the trees which were then 12 inches in diameter, but in those which should thereafter grow to that size within the stated period. The estate vested in both kinds of trees at the date of the deed, but the enjoyment of it, as to the latter class, or the right to cut the trees of that class, was postponed until they had attained to the regular size. Otherwise, the vendor could destroy the subject of the grant to the vendee. What the parties meant, if we state it more exactly, was that the vendee should acquire by the deeds a present interest in the trees which, in the unimpeded course of nature, would grow to the dimension of 12 inches in diameter within the fixed time, and not in those only which the vendor may not have cut down before that stage of their maturity was reached. Where a deed conveys trees of a certain diameter, nothing else being said, it passes only those coming within the description at the date of the deed. *Whitted v. Smith,* 47 N. C., 36; *Warren v. Short, supra; Hardison v. Lumber Co.,* 136 N. C., 173; *Whitfield v. Lumber Co.,* 152 N. C., 212; *Kelly v. Lumber Co.,* 157 N. C., 175. When it conveys trees of a certain diameter when cut, it means those which are actually of that diameter when reached in the process of cutting. *Lumber Co. v. Corey,* 140 N. C., 462. But these deeds mean more than that, and embrace trees which are, at the time of the deed, capable of increasing in size to the stipulated diameter, if left to grow according to the law of nature. How could the vendee know whether there would be any trees to cut, other than those of 10 inches in diameter then standing on the land, if the vendor is permitted to destroy all the trees on the land other than those just mentioned?

The stipulation as to future growth of the trees was a substantial part of the contract, and the consideration paid for the trees and the privilege of cutting and removing them may have been measurably based upon it; but if the defendant's contention be the true one, the benefit from the contract to the vendee

would be largely illusory—a figurative but veritable jack in the box. It is easy to say that the vendor reserved what he did not grant; but here there is a clearly implied stipulation that he will do nothing to make his grant ineffective, nor will he set up something for the money he received and then knock it down at his will and pleasure. Such a construction, it seems to us, would be unreasonable and lead to great injustice. It would be inequitable to permit him to thus destroy the substance and effect of his covenant. In *Kelly v. Lumber Co., supra,* the *Chief Justice* intimates that, if words of prospective meaning, as to growth of trees, are used in the contract, the deed is not confined, in its operation, to trees of the required size at the time of the deed, but will include those which can reach that size in their natural development during the contract period of cutting. There may be expressions in one or two cases which are apparently in conflict with these views, but the inconsistency is more apparent than real. The language in the deeds in those cases was different, and it was not contemplated by the parties that the vendee should have a present interest in the undeveloped trees, with merely the right to cut postponed, as is the case here.

In some deeds the expression "when cut" is used with the purpose of fixing the time when the measurement is to be made and of forbidding a cutting before that time, although the tree will reach the requisite size during the period allowed for cutting, and, further, for the purpose of providing that, if the tree is not cut during the period, although it may come to the proper size, it will not pass to the vendee, but revert to the vendor. These decisions and their reasoning are, of course, not applicable here.

The case of *Robinson v. Gee;* 26 N. C., 186, can be distinguished from this one. It was an action of trespass *quare clausum,* and not a bill for an injunction to prevent an illegal and inequitable act, which is threatened, in violation of plaintiff's rights. Besides, the period fixed for the cutting was unlimited, and there are, perhaps, other differences, growing out of dissimilarity in the language of the deeds in the two cases; but if it is not in entire harmony with this opinion, we would not be

disposed to follow it, so far as it may essentially differ. therefrom, as we are convinced that the true rule of construction has been applied to the deeds in this case, and that we have reached a just and equitable conclusion, when we hold that there was no error in continuing the injunction as to the timber, both pine and hardwood, nor as to the undergrowth, to the final hearing. It is so perfectly clear as to require no argument to show that the continuance of the injunction, as to the undergrowth, was entirely proper.

We may add that the auxiliary verb "may" implies ability or possibility, and Webster says is now oftener expressed by the verb "can," and as thus used it means potentiality, and, in these deeds, the possibility of the trees growing to a size which will measure 12 inches in diameter. The two verbs "may" and "can" we know are often used indifferently in common parlance to express the same idea, and we are satisfied the parties intended, when they referred to trees that may grow to such a size, that all trees which had the natural capacity, so to speak, of reaching that state of maturity during the contract period, should presently pass to the vendees.

It was competent to hear evidence of experts as to the probable increase in the diameter of trees within a given time, according to the law of nature. *Whitfield v. Lumber Co., supra; Kelly v. Lumber Co.,* 157 N. C., 175.

No error.