KINSTON MANUFACTURING COMPANY v. J. B. THOMAS.

(Filed 28 October, 1914.)

**Deeds and Conveyances—Timber Deeds—Growth Within the Term—Present Interest—Equity—Injunction.**

A deed to timber growing upon lands "of and above 10 inches at the base when cut, now standing or growing, or which may be during the time allowed for cutting," with certain restrictions upon the grantors that no tree or timber shall be sold or carried off of the land by them which may attain the size specified during the term, conveys a present interest to the grantees in the trees of that size at the time of the conveyance, and of the smaller trees which may attain that size during the period for cutting, etc., and entitles them to equitable relief by injunction against the owners of the land who are attempting to cut and carry away timber under the size stipulated, at the time, but which will attain it within the time prescribed, according to competent evidence.

APPEAL by defendants from restraining order rendered by *Whedbee, J.,* at chambers, in DUPLIN, 3 February, 1914.

This is an action to enjoin defendant from further cutting and removing timber trees which were under the size conveyed, and which, though not over the size at the time of cutting, would become of size during the term given. There are two timber deeds involved under which plaintiff holds, one executed by defendant to Ellington & Guy Timber Company and another executed by William Mercer to Enterprise Lumber Company, the land in which, subject to the timber deed, having been conveyed to defendant.

The material clauses in the Ellington & Guy deed are as follows: "Said parties of the first part have given, granted, bargained, sold, conveyed all the merchantable timber of every description, of and above the size of 10 inches in diameter at the base when cut, now standing or growing or which may be during the ensuing term of ten years, lying, standing, or growing upon the tract of land hereinafter described."

In the clause reserving the right to cut necessary rail timber and firewood, the following is added: "But no trees or timber shall be sold or carried off of said land which may attain to the size mentioned herein before the expiration of the time agreed upon for removal, ten years." The following is the last clause in this deed: "Parties of the second part may cut such of the trees and timber on said land under the size herein conveyed, for the purpose of building tramways and railroads across the said land, and for equipping and operating and running said railroad and locomotives, and also for the purpose of rafting and removing said timber."

In the Enterprise Lumber Company deed the material parts are as follows: "All timber of every description of and above the size of 10 inches in diameter and upwards at the base when cut. The grantors reserve necessary rail timber and firewood," and granted a term of ten years extension, also the right to use such trees, undergrowth, "as may be necessary in the construction, use, operation, and repairing of any road, tramroad, house, or other improvements."

The court found as a fact, among other findings: "That the defendant had cut some trees and merchantable timber under the size of 10 inches in diameter at the base when cut from said lands mentioned in said deeds attached to the complaint, but which trees would within the term mentioned in the said deeds become 10 inches at the base, and that the defendant was continuing to so cut such trees and merchantable timber from said lands until the temporary restraining order issued herein."

The judgment of the court upon this finding was: "That the defendant be restrained from cutting, removing, or in any wise disposing of

any merchantable timber or trees on the tracts of land described in the complaint herein which now measure 10 inches in diameter at the base or which will measure such within the time or times mentioned and set out in the deeds herein mentioned as the term or terms within which the plaintiff is granted the right to cut and remove such merchantable timber from said lands, with certain provisos as to firewood and rail timber."

To the foregoing parts of the said judgment the defendant duly excepted and appealed.

*G. V. Cowper for plaintiff.*
*Stevens & Beasley for defendant.*

ALLEN, J. The learned counsel for defendant contend that no interest which a court of equity will protect by injunction vested in the plaintiff to the timber under 10 inches, but which might attain that growth within the time limited for cutting.

The question is foreclosed by the decision in *Veneer Co. v. Ange,* 165 N. C., 54, in which *Associate Justice Walker,* speaking for the Court, says in reference to deeds like those before us: "The defendants conveyed to the plaintiff, not only the trees which at the date of the deeds had reached a certain diametric size, but also those which could at any time during the fixed period grow to that size. Discarding irrelevant words, the language is, 'all that growth which is now (of the prescribed diameter)' or which at any time within the period of ten years from this date may reach the size of 12 inches on the stump or upwards, when cut, the cutting to be 18 inches above the ground.' They not merely conveyed trees found to be of a certain size at the time of cutting them, but presently passed all that would attain to that size during the time allowed for cutting and removing the same. It was said by *Justice Avery,* for the Court, in *Warren v. Short,* 119 N. C., 39, that 'A deed might be so drawn as to pass all trees that would attain to the size mentioned within a reasonable time fixed by the deed,' and these deeds were presumably framed in accordance with that suggestion.

"It may not be necessary to decide, for the purpose of this appeal and at this time, whether the estate in those trees which would, in the course of natural growth, reach the required diameter, vested absolutely at the date of the deeds, as much so as it did in those which were then of that dimension, it being susceptible of proof that trees of a certain age now will be of the required size before the expiration of the period allowed for cutting and removing the timber; for if the plaintiff has merely a contingent right or interest in the trees, which, by the natural growth of the trees, will ripen into a vested one, we should still protect it by restraining any act of defendant committed or threatened in derogation

of that right or interest. But this is not even a contingent right, as we gather from the findings. It can be determined with reasonable certainty, as we have said, that a tree will within a given period grow to a certain size, measured diametrically, and therefore it cannot well be doubted that the parties intended, at the date of the deeds, that plaintiff should have a present estate, not only in the trees which were then 12 inches in diameter, but in those which should thereafter grow to that size within the stated period. The estate vested in both kinds of trees at the date of the deed, but the enjoyment of it, as to the latter class, or the right to cut the trees of that class, was postponed until they had attained to the regular size."

Affirmed.