W. T. SHANNONHOUSE ET AL. v. P. W. McMULLAN ET AL.

(Filed 17 February, 1915.)

**Deeds and Conveyances—Judicial Sales—Timber Deeds—Period for Cutting —Remaining Timber—Owners of Land—Subsequent Purchase—Merger.**

After the expiration of the period of time allowed for cutting timber conveyed separate from the land has elapsed the title to the remaining timber thereon revests in the owner of the land; and where at a judicial sale of the timber the commissioner states that interest on the purchase price allowed in the deed for further extension beyond the original period would belong to the present owners of the land, they may not object that no security for this interest was given to them, when the purchasers of the timber at the sale have subsequently purchased the land itself, for then the title to the timber and the land has merged in them. As to whether the statement made by the commissioner at the sale is enforcible, *quære.*

APPEAL by plaintiffs from *Bond, J.,* at September Term, 1914, of PASQUOTANK.

Proceeding for the sale of certain timber interests and of certain lands for partition. The timber on the lands was first sold with the right to cut the same in five years, and with the privilege of extending the time of cutting three years upon the payment annually of 6 per cent on the purchase price.

The land was then sold, the commissioners making the sale stating that the interest payable for the extension period would belong to the present owners and not to the purchasers.

The defendants bought the timber and the land, and the only question in dispute is whether the original owners of the land are entitled to have the amount to be paid for the extension period secured to them. His Honor ruled against the contention of the defendants, and they excepted and appealed.

*P. W. McMullan for plaintiffs.*
*Charles Whedbee for defendants.*

ALLEN, J., after stating the case: The timber on certain land was sold at judicial sale, with the right to the purchaser to have five years in which to cut the same, and with a further extension of three years upon the payment annually of 6 per cent on the purchase price, and at the time of the sale it was stated by the commissioners that the interest payable for the extension period would belong to the present owners of the land, and not to the purchasers.

The land was then sold and was bought by the same persons who bought the timber, and the contention of the former owners is that they are entitled to have the interest for the extension period secured to them.

The difficulty about this position is that there is no necessity, upon the facts before us, to exercise the privilege of extending the time for cutting, and the extension period can never arise, and consequently no interest will be due therefor.

In *Hornthal v. Howcott,* 154 N. C., 228, the owner of the land conveyed the timber with the right to cut in four years, and then conveyed the land, and it was held that the grantee of the land was the owner of all the timber not cut within the time stipulated; and in *Bateman v. Lumber Co.,* 154 N. C., 248, in which there was an extension clause, that the notice that the privilege of extending the time would be exercised must be given to the grantee of the land.

Applying these principles, if the timber should not be cut in five years it would then belong absolutely to the defendants as purchasers of the land, and they could cut it when they wished to do so.

In other words, when the defendants bought the land they also bought the right to extend the time for cutting, and the latter was merged in the title to the land, and therefore no interest can become due.

We have dealt with the case upon the assumption that the statement made by the commissioners would ordinarily be enforcible, but we do not so decide.

Affirmed.