CENTRAL BANK AND TRUST CO. ET AL. v. N. M. WYATT ET AL.

(Filed 24 January, 1925.)

1. Deeds and Conveyances—Mines—Minerals—Exceptions from Deed—Fee Simple—Statutes—Estates.

A conveyance of land in fee simple with habendum excepting one-half of all the mineral which thereafter may be found upon the premises which is hereby expressly reserved by the grantors, is *held* to be an

exception from the deed conveying the land, as to the minerals, and the mineral rights are descendible to the heirs of the deceased grantor, without the use of the word heirs. C. S., 991. The distinction between an exception in the deed to the thing granted, and a reservation therein, discussed by ADAMS, J.

**2. Same—Partnership.**

And, *held, further,* the exception in the deed, being followed by a stipulation that if minerals should be found upon the lands the parties shall incur equal expense in testing the mine and divide the profits, creates, in the event stated, a partnership between the grantor and grantee, the termination thereof by the death of the grantor not affecting the inheritance from him.

APPEAL by plaintiffs from *Webb, J.,* at August Term, 1924, of YANCEY.

*Watson, Hudgins, Watson & Fouts for plaintiffs.*
*Charles Hutchins for defendants.*

ADAMS, J. The controversy arises upon a proceeding brought before the clerk for the sale for partition of a mineral interest in land. On 17 July, 1877, J. W. Higgins and his wife executed and delivered to Edward E. Wilson a deed conveying a tract of land containing about two hundred acres with this habendum: "To have and to hold . . . with the exception of one-half of all the mineral found upon the premises, which is hereby expressly reserved by the parties of the first part." It is admitted that the plaintiffs have succeeded to whatever title J. W. Higgins had in the minerals at the time of his death and that the defendants claim to have derived their title from him. The trial court directed a nonsuit on the ground that the grantor had reserved a one-half mineral interest during the term of his life and that the plaintiffs had failed to establish their alleged title. Whether this conclusion is correct is the only question presented for decision.

In 1879 the General Assembly modified the principle which obtained at common law by providing that a conveyance of real property executed after 7 March, 1879 should be construed to be a conveyance in fee without the use of the word "heirs," unless it appeared from the language of the instrument that the grantor meant to convey an estate of less dignity. Public Laws 1879, ch. 148; C. S., 991. Prior to the enactment of this statute, in order to constitute a reservation in fee it was necessary that the reservation be limited to the heirs of the grantor. "But for this word of limitation (heirs) the estate reserved would have been for life only, and upon the death of the vendors their personal representatives could set up no claim to the trees left standing, because they

were attached to the soil and formed real estate; nor could their heirs, because the estate was not one of inheritance." *Pearson, J.,* in *Whitted v. Smith,* 47 N. C., 36. But in a conveyance executed since the act went into effect (7 March, 1879) the word "heirs" is not necessary to a reservation in fee. "If it be contended that the clause was in effect a reservation, and that under the strict rule of law an instrument creating an easement in fee by way of reservation must contain words of inheritance, such contention is met and avoided by the provisions of our statutes in existence at the time of the conveyance (section 1280, Code of 1883; now C. S., sec. 991), which provides that conveyances are held and construed to be in fee unless a contrary intention appears from the conveyance." *Clark, C. J.,* in *Ruffin v. R. R.,* 151 N. C., 330.

There is a distinction, however, between a reservation and an exception. Technically, a reservation is a clause in a deed whereby the grantor reserves something arising out of the thing granted not then in esse, or some new thing created or reserved, issuing or coming out of the thing granted and not a part of the thing itself; whereas, by an exception the grantor withdraws from the effect of the grant some part of the thing itself which is in esse and included under the terms of the grant. 3 Washburn on Real Prop., 645; 2 Devlin on Deeds, sec. 979; 4 Kent's Com., 468. The distinction is noted in some of our decisions. An estate to A. in fee, with a reservation to the grantor for life, represents a technical reservation. *Jones v. Potter,* 89 N. C., 220; *Savage v. Lee,* 90 N. C., 320. In *Bond v. R. R.,* 127 N. C., 125, the deed construed on the plaintiff's appeal embraced a tract of land with all the privileges, etc., "except the good heart timber suitable for mill timber." It was held that this language constituted an exception and not a reservation and that the timber was not conveyed.

In neither of the deeds construed in these cases did the grantor use both the words "reserve" and "except," or "reservation" and "exception"; but in the deed under consideration the language is, "with the exception of one-half of all the mineral found upon the premises, which is hereby reserved by the parties of the first part." Does this clause constitute an exception or a reservation?

"Where the words 'reservation' and 'exception' are used together, without evincing any definite knowledge of their technical meaning, the intention of the parties must be ascertained from the instrument interpreted in the light of the surrounding circumstances." 18 C. J., 341 (339) and cases cited. The "reservation" in the deed before us is followed by a stipulation that if mineral should be found upon the land, the grantor and the grantee should incur equal expense in testing and

working the mine and should divide the profits—a contract with elements of a partnership in the minerals.

Upon consideration of the deed with a view to ascertaining the intention of the parties, we are satisfied it was their purpose to except from the operation of the conveyance one-half of all the mineral found upon the land, and should any mineral be discovered it should be mined by the grantor and the grantee as partners; and further that the termination of the partnership relation by the death of one of the parties did not affect the grantor's exception of "all the mineral upon the premises."

In our opinion the deed excepts in fee and not for life the mineral interest. The judgment of nonsuit is therefore

Reversed.