MARY HESSIE BYRD AND OTHERS v. J. M. MYERS.

(Filed 17 March, 1937.)

**Deeds § 12—Deed held to have made valid exception to conveyance of part of the land described therein by metes and bounds.**

Deed to defendant described the land conveyed by metes and bounds less ¼ acre that H. "holds her life time rite in." Thereafter the deed of a life estate to H. in the ¼ acre, describing same by metes and bounds, was recorded. *Held:* The ¼ acre was excepted from the land conveyed to defendant, and upon the death of H. the land reverts to the heirs of the grantor, subject to the dower rights of his widow.

APPEAL by defendant from *Clement, J.,* at December Term, 1936, of YADKIN. Affirmed.

This is an action to recover possession of a lot or parcel of land containing one-fourth of an acre, more or less, and described in the complaint by metes and bounds.

At the trial the plaintiffs and the defendant filed with the court a statement of facts agreed. The action was heard upon this statement.

On the facts agreed the court was of opinion that the plaintiffs are the owners and are entitled to the immediate possession of the land described in the complaint, and so adjudged. The defendant appealed to the Supreme Court, assigning error in the judgment.

*Avalon E. Hall for plaintiffs.*
*W. M. Allen for defendant.*

PER CURIAM. The plaintiffs are the widow and heirs at law of W. D. Adams, deceased.

On 20 March, 1918, W. D. Adams and his wife executed and delivered to the defendant J. M. Myers a deed by which they conveyed to the defendant a tract of land described in said deed by metes and bounds, containing 46 acres, "less ¼ acre that Clara Holleman holds her life time rite in." This deed was duly recorded in the office of the register of deeds of Yadkin County.

On 20 August, 1914, W. D. Adams and his wife executed and delivered to Clara Holleman a deed by which they conveyed to her a lot or parcel of land, containing one-fourth of an acre, and described in said deed by metes and bounds. This lot or parcel of land is included within the description of the 46-acre tract contained in the deed from W. D. Adams and wife to the defendant. Clara Holleman is dead. The deed to her was not recorded until after the execution of the deed from W. D. Adams and wife to the defendant.

The court was of opinion that the lot or parcel of land described in the deed from W. D. Adams and wife to Clara Holleman was not conveyed to the defendant by the deed to him executed by W. D. Adams and wife, but that the title to said lot or parcel of land remained in the grantor, W. D. Adams, subject to the life estate of Clara Holleman, and that at her death the said lot or parcel of land descended to the plaintiffs as his heirs at law, subject to the dower right of the plaintiff, his widow.

The judgment in accordance with this opinion is affirmed. See *Fisher v. Mining Co.,* 97 N. C., 95. In the opinion in that case it is said: "Where a grantor makes a valid exception in a deed, the thing excepted remains the property of the grantor or his heirs."

Affirmed.