HAULCY HARDISON v. ROLAND LILLEY, ELMO LILLEY, SARAH LILLEY, JOHN LILLEY, OLA LILLEY, MARY OLA PEEL AND HUS-BAND, WILLIAM PEEL, LAWRENCE EASON LILLEY AND MARY OLA PEEL AND LAWRENCE EASON LILLEY, EXECUTORS OF THE ESTATE OF J. EASON LILLEY.

(Filed 14 October, 1953.)

**1. Deeds §§ 13a, 15—**

A provision, inserted in a deed in or following the description, which attempts to limit the quality of the estate conveyed and defined in the granting and *habendum* clauses is void for repugnancy, but a provision in or following the description which limits the quantity of the estate is not repugnant, and is effective.

**2. Deeds §§ 15, 22—**

In a conveyance of lands in fee simple, grantors reserved and excepted from the operation of the deed certain timber of a specified size, with right in the male grantor, or his heirs or assigns, to enter and cut and remove such timber for a period of fifty years. *Held:* While the period of time is

exceptional, the reservation in the grantors of the timber rights is valid, and the estate in the timber is not affected by the cultivation of the arable land by grantees nor the nonuse of the reserved right by grantors.

**3. Deeds § 22—**

In this deed in fee simple to a tract of land, grantors reserved the right to cut and remove certain timber having a size of six inches in diameter or which "may attain to the size of six inches fifteen inches above the ground" for "the period of fifty years." *Held:* The reservation of the timber applied to all trees of the specified size then upon the land as well as all young trees or seedlings capable of reaching that size within the fifty year period, but the reservation could not apply to trees which were not in existence at the time of the execution of the deed.

**4. Same—**

A reservation in a deed of the right to cut and remove all timber of a specified size for a period of fifty years will not be held void on the ground that it cannot be determined with sufficient certainty which of the trees attaining the specified size were in existence at the time of the execution of the deed, since the matter is capable of proof by expert testimony as to the average annual growth of each kind of tree in the locality.

APPEAL by defendants from *Parker, J.,* March Term, 1953, of MARTIN. Error and remanded.

This was a suit to enjoin defendants from cutting and removing timber from the lands of the plaintiff described in the complaint.

The defendants claim right to the timber by virtue of the reservation and exception in the deed by their ancestor in title who conveyed the land to the plaintiff's ancestor.

Upon inspection of the deed referred to and the admissions in the pleadings the court held the reservation invalid and entered judgment permanently restraining the defendants from entering upon the described lands and removing timber therefrom.

The defendants appealed.

*Peel & Peel for plaintiff, appellee.*
*Clarence W. Griffin for defendants, appellants.*

DEVIN, C. J. In 1917 Kader Lilley and his wife, for a valuable consideration, conveyed to Levi Hardison by deed in fee simple with warranty a tract of land containing 65 acres, situate in Martin County, and described by metes and bounds. Incorporated in the deed immediately following the description of the land appears the following clause:

"Reserving and excepting from the operation of this deed all the pine, cypress and poplar timber of the size of 6 inches in diameter or may attain to the size of 6 inches 15 inches above the ground and that the said Kader Lilley or his heirs or assigns shall have the period of 50 years to

cut and remove said timber and to have the right to enter either themselves, or their servants at any time within said period to cut and remove said timber."

It is admitted that the plaintiff has succeeded to the title of Levi Hardison, and that he is the owner of all rights and interests conveyed by the deed of Kader Lilley in 1917, and that the defendants are the successors in title of Kader Lilley and are the owners of any rights reserved or excepted in the deed of 1917.

The plaintiff denies that the defendants own any right in the timber on the described land by virtue of the reservation and exception contained in the deed of 1917, and has instituted this suit (1953) to restrain defendants from entering upon and cutting any timber now standing and being on this land.

The court below was of opinion that the rights claimed by defendants under the quoted clause were repugnant to the fee simple title conveyed by the deed, and ineffective to limit the absolute estate in the land which vested in the grantee Levi Hardison and descended to the plaintiff. Accordingly judgment was entered permanently restraining defendants from entering upon and cutting timber on the described land.

In making this ruling the court applied to the facts of this case the principle set forth in *Kennedy v. Kennedy,* 236 N.C. 419, 72 S.E. 2d 869, and *Jeffries v. Parker,* 236 N.C. 756, 73 S.E. 2d 783. We are unable to concur in the view that the principle enunciated in those decisions of the Court is applicable here. In the *Kennedy case* the grantor in the deed in the granting, *habendum* and warranty clauses conveyed to the grantee an unlimited fee simple estate in the land, and following the description of the land added a clause reserving a life estate in the grantor. This was held repugnant to the estate conveyed and of no effect. The same principle on similar facts was again stated in the *Jeffries case.* Having conveyed the land in fee simple the grantor could not by a clause inserted as part of or following the description limit the estate already granted. The authorities cited in those cases support this ruling.

Here, however, the reservation and exception relate only to the *quantum* of the property described, and not to the quality of the estate conveyed, and are therefore not repugnant to the fee simple estate in that which was conveyed. Thus where a grantor conveys a tract of land in fee simple and sets out in or following the description a provision that a certain definitely described number of acres of the land is reserved or excepted, the quality of the estate in the remainder in the grantee is unlimited, but the quantity, the *quantum,* of the property conveyed is reduced by the exception, and the title to the excepted portion remains in the grantor and his heirs. *Byrd v. Myers,* 211 N.C. 394, 190 S.E. 471; *Brown v. Rickard,* 107 N.C. 639, 12 S.E. 570; *Midgett v. Wharton,* 102 N.C. 14,

8 S.E. 778; *Fisher v. Mining Co.,* 97 N.C. 95, 4 S.E. 772; *Justice v. Eddings,* 75 N.C. 581; 16 A.J. 607, 610; 26 C.J.S. 449; 34 A.J. 517.

This Court has recognized and given effect to the exception of timber and timber rights in deeds conveying land. *Roberts v. Forsythe,* 14 N.C. 26; *Whitted v. Smith,* 47 N.C. 36; *Fisher v. Mining Co.,* 97 N.C. 95, 4 S.E. 772; *Bond v. R. R.,* 127 N.C. 125, 37 S.E. 63; *Bunch v. Lumber Co.,* 134 N.C. 116, 46 S.E. 24; *Hawkins v. Lumber Co.,* 139 N.C. 160, 51 S.E. 852; *Lumber Co. v. Corey,* 140 N.C. 462 (467), 53 S.E. 300; *Mining Co. v. Cotton Mills,* 143 N.C. 307, 55 S.E. 700; *Hornthal v. Howcott,* 154 N.C. 228, 70 S.E. 171; *Bateman v. Lumber Co.,* 154 N.C. 248, 70 S.E. 474; *Kelly v. Lumber Co.,* 157 N.C. 175, 72 S.E. 957; *Powell v. Lumber Co.,* 163 N.C. 36, 79 S.E. 272; *Shannonhouse v. McMullan,* 168 N.C. 239, 84 S.E. 259; *Carroll v. Batson,* 196 N.C. 168, 145 S.E. 9. The same rules apply to reservation and exception of timber rights as to grants. 34 A.J. 518.

"Where the grantor makes a valid exception in a deed, the thing excepted remains the property of the grantor and his heirs." *Fisher v. Mining Co.,* 97 N.C. 95, 4 S.E. 772.

In *Mining Co. v. Cotton Mills,* 143 N.C. 307, 55 S.E. 700, the deed for the land contained the following reservations or exception by the grantor: "all the woods and timber is reserved by me." It was said that "a deed purporting to convey all the wood and timber therein described vests in the grantee a present estate of absolute ownership in said timber defeasible as to all timber not removed within the time required by the terms of the deed. . . . Here the land was conveyed in fee with an exception or reservation of the timber. In such case, if a time or event is specified upon which the timber must be cut, the reservation expires upon the happening of the event or expiration of the time. . . . Whether the right to cut timber is a grant, or a reservation, it expires at the time specified." When no time is specified the grantor's retained right is held under the implied agreement to cut and remove within a reasonable time.

In *Hornthal v. Howcott,* 154 N.C. 228, 70 S.E. 171, the grantor, having previously conveyed the timber with right to cut and remove in 4 years, thereafter conveyed the land to the defendants, noting in the deed that the timber had been sold "and is excepted from this deed." It was held the grantee acquired the land and all timber not cut and removed within the four years. The writer of the opinion (*Justice Allen*) quoted from *Hawkins v. Lumber Co.,* 139 N.C. 160, 51 S.E. 852: "The true construction of this instrument is that the same conveys (or reserves) a present estate of absolute ownership in the timber, defeasible as to all timber not removed in the time required by the terms of the deed." This statement of the law was approved in *Lumber Co. v. Corey,* 140 N.C. 462, 53 S.E. 300.

In *Carroll v. Batson,* 196 N.C. 168, 145 S.E. 9, in the deed for the land the grantor reserved the right to all timber 8 inches in diameter for the period of 5 years. It was held the purchaser of the land acquired title to all the timber reserved by the grantor which remained uncut at the expiration of the 5-year period. "At the expiration of the 5 years the timber followed the land."

The decision of this Court in *Bond v. R. R.,* 127 N.C. 125, 37 S.E. 63, decided in 1900, illustrates the effect of the exception of timber from the operation of the deed. There the plaintiff's deed for the land dated 1871 contained exception of "the good heart timber suitable for mill timber." It was held the timber referred to was never granted to the plaintiff— was excepted from his deed—and he had no right to recover therefor. And in the same case the deed under which the defendant claimed, from Levi Harden to Hoggard, dated 1863, contained the following exception : "Except the pine timber suitable for mill timber, which I hereby reserve while I hold the mill, or my children." It was said the language in the deed "constituted a reservation, and a reservation for the life, at longest, of the grantor," and that after his death the heirs of Levi Harden could convey nothing. It may be noted in this case the court approved the submission of an issue to the jury as to how many of the timber trees cut were "good heart pine suitable for mill timber" at the date of the deed in 1871.

The language of the clause under consideration in the case at bar is "reserving and excepting." While there is a distinction between these words (*Trust Co. v. Wyatt,* 189 N.C. 107, 126 S.E. 93), they are often used interchangeably. 34 A.J. 519. Here both words were used by the grantors. We think it was the intention of the grantors to withdraw from the effect of the conveyance part of that which otherwise would have passed under the description of the land in the deed. *Vance v. Pritchard,* 213 N.C. 552, 197 S.E. 182. There is nothing in the record before us to indicate that either plaintiff or defendants or their predecessors in title have at any time attempted to assert any rights to the timber until shortly before this suit was instituted. The cultivation of the arable land, if there be such on this tract of land, would not affect the title to the timber reserved in the deed, nor would the grantors lose their rights by nonuse.

In the deed of Kader Lilley in 1917 he reserved and excepted all the pine, cypress and poplar timber 6 inches in diameter "or may attain to the size of 6 inches," and provided that Kader Lilley or his heirs "shall have the period of 50 years to cut and remove said timber." This description apparently carried all timber then 6 inches in diameter or which should attain the size of 6 inches within 50 years from the date of the deed. That is the contract the original parties made. That is the deed for which Levi Hardison paid one thousand dollars in 1917. Unquestion-

ably a deed or reservation for standing timber of a certain size and that which may (meaning "can") attain that size within the period named will be upheld. *Hardison v. Lumber Co.,* 136 N.C. 173, 48 S.E. 588; *Veneer Co. v. Ange,* 165 N.C. 54, 80 S.E. 886; *Mfg. Co. v. Thomas,* 167 N.C. 109, 83 S.E. 174. The designation of a period of 50 years within which to cut and remove timber is exceptional, but the parties so stipulated when they executed and accepted the deed in 1917, and we know of no principle of law which would justify us in striking down the contract the parties themselves have made because of the length of time reserved for cutting and removing.

But we think the plaintiff, who presently owns the land, subject to the reservation, and is now seeking to enjoin the successors in title of Kader Lilley from cutting the timber on the land, is not without remedy. Thirty-six years have elapsed since the deed was made. The presumption is that Kader Lilley did not intend to reserve to himself from the operation of the deed something that did not exist. He could in 1917 reserve existing growth on the land which had the capability of attaining 6 inches in diameter within the period named, but trees which came into being and grew from seedlings after the date of the deed were beyond the intention of the parties and were not embraced in the reservation and exceptions which the grantor appended to his deed. Such timber then not in existence, though now it may measure 6 inches in diameter, was not embraced within the reservation, and is the property of the grantee in the deed and his heirs unaffected by the reservation. This seems to be the rationale of the decisions of this Court in *Veneer Co. v. Ange,* 165 N.C. 54, 80 S.E. 886, and *Mfg. Co. v. Thomas,* 167 N.C. 109, 83 S.E. 174. It may not be presumed that the parties intended that the grantor should reserve an easement in the land conveyed for 50 years for the cultivation and growth of timber trees.

In *Veneer Co. v. Ange,* 165 N.C. 54, 80 S.E. 886, the defendant, landowner, conveyed to the plaintiff by deed the timber on described land of the size of 12 inches in diameter, or which might at any time within the period of ten years reach the size of 12 inches when cut. The plaintiff sued to enjoin the defendants, the owners of the land, from cutting undergrowth and timber which would grow to 12 inches within the 10-year period. In that case the Superior Court Judge found as facts that a pine tree not less than 7 inches in diameter and hardwood not less than 10 inches in diameter will grow to size of 12 inches in the period of time named in the deed, and enjoined defendants, the landowners, from cutting any such timber—that is, timber which though under 12 inches would within 10 years grow to 12 inches.

The ruling of the Superior Court Judge was affirmed on appeal. From the opinion by *Justice Walker* we quote:

"It may not be necessary to decide, for the purpose of this appeal and at this time, whether the estate in those trees which would, in the course of natural growth, reach the required diameter, vested absolutely at the date of the deeds, as much so as it did in those which were then of that dimension, it being susceptible of proof that trees of a certain age now will be of the required size before the expiration of the period allowed for cutting and removing the timber; for if the plaintiff has merely a contingent right or interest in the trees, which, by the natural growth of the trees, will ripen into a vested one, we should still protect it by restraining any act of defendant committed or threatened in derogation of that right or interest. But this is not even a contingent right, as we gather from the findings. It can be determined with reasonable certainty, as we have said, that a tree will, within a given period, grow to a certain size, measured diametrically, and therefore it cannot well be doubted that the parties intended, at the date of the deeds, that plaintiff should have a present estate, not only in the trees which were then 12 inches in diameter; but in those which should thereafter grow to that size within the stated period. . . . What the parties meant, if we state it more exactly, was that the vendee should acquire by the deeds a present interest in the trees which, in the unimpeded course of nature, would grow to the dimension of 12 inches in diameter within the fixed time, and not in those only which the vendor may not have cut down before that stage of their maturity was reached. Where a deed conveys trees of a certain diameter, nothing else being said, it passed only those coming within the description at the date of the deed. *Whitted v. Smith*, 47 N.C. 36; *Warren v. Short, supra; Hardison v. Lumber Co.*, 136 N.C. 173; *Whitfield v. Lumber Co.*, 152 N.C. 211; *Kelly v. Lumber Co.*, 157 N.C. 175. When it conveys trees of a certain diameter when cut, it means those which are actually of that diameter when reached in the process of cutting. *Lumber Co. v. Corey*, 140 N.C. 462. But these deeds mean more than that, and embrace trees which are, at the time of the deed, capable of increasing in size to the stipulated diameter, if left to grow according to the law of nature."

The converse of this principle must be equally sound.

The same conclusion was reached in *Mfg. Co. v. Thomas,* 167 N.C. 109, 83 S.E. 174, and the quoted language of the decision in *Veneer Co. v. Ange, supra,* was made the basis of the decision in that case. From these decisions we deduce this principle applicable to the case at bar: Since by the reservation in the deed the grantor retained not only the right to the trees measuring 6 inches in diameter in 1917, but also a "present interest" in the undergrowth then on the land which in the unimpeded course of nature would grow to that size within the period stipulated, it necessarily follows that growth not then in existence could not be held to have been

included in the reservation, as there was then no "present interest" to be reserved.

This principle finds further support in *Robinson v. Gee,* 26 N.C. 186 (190), where the Court said: "It seems to us, however, that the reservation in Reed's deed embraced only the saw-mill pine timber that was then standing, with a contingent use to him and his heirs and assigns to any pine timber standing on the land when it by growth had become fit for saw-mill purposes. . . . It could never have been intended by Reed, when he made the reservation, that the 200-acre tract of land should be a perpetual plantation for the raising of pine timber for his benefit."

Where the reservation of right to cut and remove timber was extended over a period of 50 years, of which period 36 years have now elapsed, the question arises, can the Court determine with sufficient certainty what trees, if any, now on the land were embraced within the terms of the reservation in 1917? We think the determination of this question is a matter capable of proof as pointed out in the cases cited. In *Fordson Coal Co. v. Garrard,* 277 Ky. 218, the view was expressed that trees conveyed in 1914 after twenty years' growth could be identified, as the average annual growth of each kind was a matter of proof about which experts could qualify to testify. A different conclusion was reached by the Supreme Court of South Carolina in *Holly Hill Lumber Co. v. Grooms,* 198 S.C. 118, 16 S.E. 2d 816, where it was thought the question of the rate of growth of trees was speculative and uncertain. However, in North Carolina in *Bond v. R. R.,* 127 N.C. 125, 37 S.E. 63, the submission of a similar question to the jury was approved, and in *Veneer Co. v. Ange,* 165 N.C. 54, 80 S.E. 886, the Court found as a fact from the evidence, in an injunction proceeding, the rate of growth of pine and hardwood trees in the locality of the suit as determinative of what trees now on the land were embraced within the terms of the original grant.

We reach the conclusion that there was error in the judgment permanently enjoining the defendants from entering upon and cutting timber from the described land, and that the defendants have right to cut and remove therefrom any trees of the kind described in the deed now measuring 6 inches or over in diameter which may be found to have grown to that size from those in existence at the date of the reservation in 1917.

And this cause is remanded for further proceedings not inconsistent with this opinion.

Error and remanded.