MINING COMPANY v. COTTON MILLS.

(Filed December 11, 1906).

*Right to Cut Timber—Grant—Reservation—Time for Removal—Expiration.*

1. Whether the right to cut timber is a grant, or a reservation, it expires at the time specified. When no time is specified, a grantee of such right takes upon the implied agreement to cut and remove within a reasonable time, whereas when a grantor of the fee reserves or excepts the timber, and there is no limitation to indicate when the reservation shall expire, then the grantee must give notice for a reasonable time that the grantor must cut or remove the timber included in his reservation.

2. Where land was conveyed in fee to plaintiff "with all timber reserved" by the grantor, and it was stipulated that when the land was divided into lots and the erection of any building was begun on any lot, then the grantor "shall have no further right to any timber upon said lot," the Court erred in holding that the plaintiff can recover of the defendant for timber cut on any lot before the happening of the event which it was agreed should put an end to the reservation.

ACTION by the Ormand Mining Company and others against Bessemer City Cotton Mills and others, heard by *Judge Henry R. Bryan* and a jury, at the February Term, 1906, of the Superior Court of GASTON. From a judgment for the plaintiff, the defendants appealed.

*O. F. Mason* and *Burwell & Cansler* for the plaintiffs.
*Tillett & Guthrie* for the defendants.

CLARK, C. J. The plaintiff holds, under mesne conveyance, certain lands and mineral rights from one Pinchback, whose deed to plaintiff's grantor contains the following exceptions or reservation: "All the woods and timber is reserved by me," with the addition that if the grantee should "divide up the land referred to in lots and begin the erection of any building on any lot, then I shall have no further right to any timber *on said lot* after any building is begun."

It is true, as contended by the plaintiff, that "a deed purporting to convey all the wood and timber therein described vests in the grantee a present estate of absolute ownership in said timber defeasible as to all timber not removed within the time required by the terms of the deed." *Lumber Co. v. Corey,* 140 N. C., 462; *Hawkins v. Lumber Co.,* 139 N. C., 160; *Bunch v. Lumber Co.,* 134 N. C., 116.

It is also true, as further contended by the plaintiff, that when in a contract for sale of standing timber "no time is specified within which it shall be cut and removed, the law presumes this shall be done within a reasonable time."

But that is not this case. Here the land was conveyed in fee with an exception or reservation of the timber. In such case, if a time or event is specified upon which the timber must be cut, the reservation expires upon the happening of the event or expiration of the time—as here, upon beginning "the erection of any building upon any lot." If there is no limitation to indicate when the reservation or exception shall expire, then the grantee must give notice for a reasonable time that the grantor must cut or remove the timber included in his reservation, and if this is not done after such reasonable notice then the reservation or exception falls and all rights thereunder cease and determine.

Whether the right to cut timber is a grant, or a reservation, it expires at the time specified. When no time is specified a grantee of such right takes upon the implied agreement to cut and remove within a reasonable time. He has bought the timber for that purpose, whereas when a grantor of the fee reserves or excepts the timber, he is not providing for timber-cutting, but reserving a right, and should be entitled to hold till this is put an end to by the grantee giving notice for a reasonable time so that the grantor may elect to cut or sell this right to another.

It may be difficult, perhaps, to reconcile all the decisions, but we think this is a summary of the true, just and equitable

principles applying to such contracts. As such contracts have greatly increased in number and importance, it will be more useful to thus state plainly and clearly the rules we think applicable and by which we shall be guided, than attempt to reconcile all the precedents.

In this contract, the event upon which the reservation should terminate is stipulated for, and is when the land is divided into lots and the erection of any building is begun on any lot, then the grantor "shall have no further right to any timber upon said lot." In holding that the plaintiff can recover of the defendant, who is assignee of the reservation for timber cut on any lot before the happening of the event which it was agreed should put an end to the reservation, there was

Error.

WALKER, J., did not sit on the hearing of this case.