## F. P. OUTLAW v. M. E. GRAY.

### (Filed 22 October, 1913.)

1. **Deeds and Conveyances—Mineral Deposits—Fee Simple.**

 A conveyance under seal in consideration of a specified sum of money, made to the grantee, "his heirs, executors, administrators, and assigns," of the right of entering in and upon particularly described lands of the grantor, "for the purpose of searching for mineral deposits and fossil substance," and for taking and removing the mineral deposits and fossil substance therefrom, which the grantee "may find imbedded in the earth of the said lands, and for mining and quarrying operations—to any extent he may deem advisable," etc.; and also containing covenants that no other consideration by way of rent is to be paid, and against damage to the lands unnecessary in conducting the operations for mineral, etc.: *Held,* the "mineral deposits and fossil substance" beneath the earth's surface may be con-

veyed separately from the land, and the deed, in substance and form, being sufficient to convey the fee in land, is also sufficient to convey the mineral and fossil substance therein.

2. Deeds and Conveyances—Incorporeal Hereditaments — Mineral Deposits.

Mineral substances beneath the surface of the earth are regarded as incorporeal hereditaments, and pass by apt words in a deed delivered and registered.

3. Same—Terminable at Will.

Under a conveyance in fee of all the mineral deposits imbedded in lands described, the interest conveyed terminates only when these deposits are removed by the grantee in accordance with the provisions of his deed.

4. Deeds and Conveyances — Mineral Deposits — Construction of Deed.

Where the meaning of a conveyance of mineral deposits on lands is doubtful as to whether it is a license, terminable at the death of the grantor, or in fee, the construction more favorable to the grantee will prevail.

CLARK, C. J., and HOKE, J., dissenting.

APPEAL from *O. H. Allen, J.,* at September Term, 1913, of LENOIR.

Appeal from the clerk, heard by *Allen, J.,* in Lenoir Superior Court, 13 September, 1913. The defendant appealed from the judgment rendered.

*Rouse & Land for plaintiff.*
*Loftin & Dawson, G. V. Cowper for defendant.*

BROWN, J. The case turns upon the construction of an indenture from Julia E. Gray to M. E. Gray, the material part of which is as follows:

"That said party of the first part, for and in consideration of the sum of $10 to her in hand paid by the said party of the second part, receipt of which is hereby fully acknowledged, the said party of the first part hath given, granted, bargained, and sold, and by these presents do give, grant, bargain, sell, and convey unto the party of the second part, his heirs, executors, administrators, and assigns, the right of entering in and upon

the lands hereinafter described, for the purpose of searching for all marl deposits and fossil substance, and for taking and removing therefrom said marl and fossil substance which he may find imbedded in the earth of the said lands, and for mining and quarrying operations for that purpose to any extent he may deem advisable, but not to hold possession of any part of the said lands for any other purpose whatsoever."

Here follows a description of the lands and a covenant that no other consideration by way of rent is to be paid for the marl except that recited in the deed, and a clause wherein the grantee covenants that "no damage shall be done to said lands other than shall be necessary in conducting the operations specified." The instrument is under seal.

The plaintiffs contend that the written instrument is a mere license to quarry for marl and fossil substances in the earth, and that it expired with the death of the grantor. His Honor so held.

The defendant contends it is a deed in fee, and that it conveys in fee simple all "marl deposits and fossil substances" under the surface of the land described in the instrument, under a covenant upon the part of the grantee that no damage shall be done the land other than shall be necessary to remove such deposits.

The character of the instrument and the language employed are both appropriate to the conveyance of a fee-simple estate in "all the marl deposits and fossil substances" imbedded in the earth of the lands described therein, and such is the legal construction we put upon it.

It must be admitted that the deed is sufficient in form to convey a fee in the land itself, had that been the subject of conveyance. That being so, it is sufficient to convey a fee in the mineral deposits described in it.

The grant is made upon a present and stated consideration, and not upon a rent charge or other consideration payable in the future. It is made of "all the marl deposits and fossil substances" imbedded in the land, and not only of such as the grantee may from time to time remove within a given time.

As the grantee is given the right to remove "all the marl deposits," his interest cannot be terminated until they are removed. Under a revocable license, they could be terminated at any time.

It is made to the grantee and "his heirs, executors, administrators, and assigns," and not to the grantee for years or life. Every clause and recital in the instrument appears to be inconsistent with the idea of a temporary license revocable at the will of the grantor; and is wholly consistent with an intention to convey a fee.

If the meaning is doubtful, we should construe it a fee, that being more favorable to the grantee. Devlin on Deeds, ch. 25.

That mineral substances beneath the surface of the earth may be conveyed by deed distinct from the right to the surface itself is now well settled. The common-law courts of England regarded such rights as incorporeal hereditaments, a right issuing out of a thing corporate, because there could be no livery of seizin.

In this country, where livery of seizin is not essential in the transmission of the title, such rights are regarded as corporeal hereditaments, and pass by apt words in a deed, though not susceptible of livery of seizin, delivery or registration of the deed taking its place. *Hartwell v. Camman*, 64 Am. Dec., 449 (Pa.). The conveyance of such rights in fee is common in Pennsylvania and other mining States.

In that State there are numerous decisions to the effect that a conveyance of the right to take the coal under the grantor's tract of land is a conveyance of the *entire ownership* of the coal in place beneath the land.

*Caldwell v. Fulton*, 72 Am. Dec., 761, and notes. This case is almost on all-fours with the case at bar.

The words employed in this deed are very comprehensive, and express absolute ownership and complete enjoyment of the interest conveyed.

They are inconsistent with the idea of a temporary and transient use.

Reversed.

CLARK, C. J., and HOKE, J., dissent.