**KIRBY LUMBER CORPORATION, Appellant,**

v.

**C. B. CLAYPOOL et al., Appellees.**

No. 7036.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 27, 1969.

Rehearing Denied March 21, 1969.

Fountain, Cox & Gaines, Houston, for appellant.

Orgain, Bell & Tucker, Fortenberry & Fortenberry, Beaumont, for appellees.

STEPHENSON, Justice.

This is an action in the nature of a trespass to try title, for the purpose of construing a reservation made in a deed. Trial was before the court and judgment was entered that plaintiff take nothing, and that defendants recover the fee simple title to all oil, gas and other minerals in, on, under or that might be produced from the land. The parties will be referred to here as they were in the trial court.

The deed under consideration in this action is from S. B. Cooper, Jr., to Foster Lumber Company. It is agreed that plaintiff (Kirby Lumber Corporation) has succeeded to the right of Foster Lumber Company, and that defendants (C. B. Claypool, et al) have succeeded to the right of S. B. Cooper. It is also stipulated that S. B. Cooper died testate and that his will was probated in 1934. A copy of the deed in question is set out below, excluding only the single acknowledgement, about which no question has been raised:

"STATE OF TEXAS.

"COUNTY OF JEFFERSON. KNOW ALL MEN BY THESE PRESENTS:

"That S. B. Cooper Jr. of the County of Jefferson, State of Texas, for and in consideration of the sum of FIFTEEN HUNDRED ($1,500.00) DOLLARS to him in hand paid by the Foster Lumber Company, the receipt of which is hereby acknowledged have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said Foster Lumber Company, a corporation organized under the laws of the State of Missouri with a permit to do business in the State of Texas with its main office in said latter State in Houston, Harris County, Texas the following

described tract or parcel of land consisting of two hundred thirteen acres more or less lying and being situated in Hardin County, Texas, said tract being a part of the Mary K. Sherman Survey, or is sometimes known as the Kirk survey being the South one half of the North one-third of the said survey and being the same tract of land conveyed to S. B. Cooper, Jr. by S. B. Cooper and Phebe Cooper by deed dated May 15, 1905 and recorded in Vol. 36 page 571 of the Deed Records of Hardin County, Texas.

"To have and to hold the above described premises unto the said Foster Lumber Company its successors and assigns forever. And I do hereby bind myself, my heirs, executors, administrators and assigns to forever warrant and defen*t* all and singular the said premises unto the said Foster Lumber Company its successors and assigns against any and all persons whomsoever lawfully claiming or to claim the same or any part thereof, by, through or under me.

"It is further expressly understood and agreed that the grantor herein reserve unto himself the right to enter upon the possession of said land and prospect for oil and other minerals thereon and in case such oil or other minerals are discovered, he reserves the right to take and remove the same, and for the purpose of removing, construct or operate such pipe lines or other means of conveyances as may reasonably be necessary therefor. In such development, or the removing of said oil or other minerals from said land, if it becomes necessary to cut or destroy any of the timber then standing on said land the grantor agrees to pay therefor the reasonable value thereof at such time, and also agrees that in such development, or the laying of pipe lines he will not interfere with any improvements or tram railway then located on said land.

"In testimony whereof I have hereunto set my hand at Beaumont, in Jefferson County, Texas, this 20th day of September, 1906.

"/s/ S. B. Cooper, Jr. "

Plaintiff's sole point of error is that the trial court erred in holding the deed in question conveyed only the surface, and that the minerals were reserved. It is admitted that the facts are undisputed. We have concluded the judgment of the trial court should be affirmed.

It is argued by plaintiff that S. B. Cooper, Jr., reserved a personal privilege in the land, and a right which expired on nonuse after a reasonable time, and his interest was a mere license. Plaintiff points out the fact that the words "heirs and assigns" are not used in connection with this reservation. The recent case, Forrest v. Hanson, 424 S.W.2d 899, 901, 902 (Tex.Sup., 1968), is in point. The deed in the Hanson case contained this provision:

"It is especially understood and agreed that the said H. Bockman retains all of the Oil, Gas and Mineral rights on the Northeast Quarter (NE/4) of Survey 37, Block 36, Township 5 North, T & P Ry. Co. Surveys in Dawson County, Texas, and at any time he shall desire to develop any of the minerals above mentioned or retained herein, he can proceed with such development at his will by paying to the then owner of the land the actual damages caused by such development, if there should be cause for such damage, otherwise he shall proceed at his will to the development of said minerals."

In construing this reservation, the Supreme Court wrote:

"Hanson contends here, as he did in the courts below, that the above quoted reservation in the Bockman deed confers, at the most, a right on the part of Bockman during his lifetime to go upon the NE/4 of said section for the purpose of

developing the minerals, and that such right, if any, terminated upon the death of H. Bockman and did not inure to the *benefit of his heirs, executors or assigns.* Both courts below have rejected this contention. We agree with the holdings of both courts below that the reservation contained in the Bockman deed to Corley in 1919 was a reservation to Bockman, his heirs and assigns of all of the oil, gas, and other minerals in, on, and under, or that may be produced from said NE/4. Humble is lessee under the Bockman title and is the owner of a valid and subsisting lease on the NE/4." (Emphasis added)

The reservation in the deed in question in this suit contains all of the component elements that Cooper would have been entitled to if this reservation had been couched in the usual and customary terms. The grantor specifically made these reservations: (1) "the right to enter upon the possession of said land and prospect for oil and other minerals thereon * * *"; (2) "in case such oil or other minerals are discovered * * * the right to take and remove the same * * *"; and (3) "for the purpose of removing, construct or operate such pipe lines or other means of conveyances as may reasonably be necessary therefor." We have concluded that it was the clear intent of the parties that the grantor reserve the fee simple title to the minerals.

A case similar in many respects is States Oil Corporation v. Ward, 236 S.W. 446, 447 (Tex.Com.App., 1922). The reservation reads as follows:

"But it is expressly agreed and stipulated that this deed is made subject to the following rights of the said Mining Company, each and all of which rights are hereby reserved and are not to pass by this deed. 1. The Central Texas Mining, Manufacturing & Land Company reserves the right at all times hereafter to enter upon the land hereby conveyed and prospect for and make surveys at will on any part of it for coal, minerals, stone, or any other valuable deposit, and to open up on said land and operate with machinery, appliances, and attachments, which it may deem necessary, mines, borings, and quarries, and the coal, minerals, stone, or other valuable deposits found in and taken from all such mines, borings, and quarries, shall be the property of said Central Texas Mining, Manufacturing & Land Company," etc.

The court held that this reservation was effective to retain the title to the minerals.

Kirby's reliance upon Collier v. Caraway, 140 S.W.2d 910 (Tex.Civ.App., 1940, writ ref.) is misplaced. There, the instrument reserved "the right to drill an oil well." The court, in Collier, pointed out that these "apt words" chosen by the grantor reserved a simple right to drill a well "and nothing more." In our case, the words chosen, in our opinion, evidence a clear intention on the part of grantor to retain the right to prospect for, take, and remove oil and other minerals, thereby clearly establishing a reservation of the minerals. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290 (1923).

The judgment of the trial court is affirmed.

PARKER, C. J., not sitting.