GUILD TRUST, Melba L. Guild, Delmar D. Dean and Mary Melba Guild Dean, husband and wife, Earl Guild and Barbara Jo Guild, husband and wife, Ferd Christiansen and Eva Lois Christiansen, husband and wife, Plaintiffs,

v.

UNION PACIFIC LAND RESOURCES CORPORATION, a corporation, Champlin Petroleum Company, a corporation, Amoco Production Company, a corporation, Defendants.

No. C78–040K.

United States District Court, D. Wyoming.

May 4, 1979.

ORDER SUSTAINING MOTION FOR SUMMARY JUDGMENT WITH FINDINGS AND SUMMARY JUDGMENT

KERR, District Judge.

The above-entitled matter coming on regularly for hearing before the Court upon defendants' Motion for Summary Judgment, the plaintiffs appearing by and through its attorney, Charles D. Phillips, defendant Amoco Production Company appearing by and through its attorneys, Frank H. Houck and Houston G. Williams, and defendants Champlin Petroleum Company and Union Pacific Land Resources Corporation appearing by and through their attorneys, D. Thomas Kidd and Houston G. Williams, and the Court having heard the arguments of counsel in support of said motion and in opposition thereto, and the Court having taken said matter under advisement and having fully and carefully considered the pleadings, exhibits, affidavits and memorandum briefs filed on behalf of each of the parties, and all matters relevant thereto, and being fully advised in the premises; makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

1. The plaintiffs and the defendants are citizens of different states and the amount in controversy exceeds $10,000, exclusive of interest and costs;

2. This is an action to quiet title to minerals in certain sections and part-sections of land in Uinta County, Wyoming ("the Subject Lands"), the legal description of the Subject Lands is as follows:

Township 12 North, Range 117 West, 6th P.M.
    Section 19: All
    Section 21: All

Township 14 North, Range 117 West, 6th P.M.

    Section  5:  The Southeast diagonal half of the SE¼ (except 24.44 acres of abandoned Union Pacific Railroad Company right-of-way)

    Section  7:  NE¼ (except 25.87 acres of abandoned Union Pacific Railroad Company right-of-way)

    Section 15:  All

    Section 17:  All

    Section 19:  N½, N½ S½

    Section 23:  All

Township 13 North, Range 118 West, 6th P.M.

    Section 35:  All

Township 14 North, Range 118 West, 6th P.M.

    Section 13:  All

3. Plaintiffs, Guild Trust, et al., are the owners of record of the Subject Lands, subject to mineral reservations in deeds conveying the land from the Union Pacific Railroad Company to the plaintiffs or their predecessors in interest;

4. The defendants are collectively the successors to the mineral estate reserved by the Union Pacific in its conveyance to the plaintiffs;

5. The reserved mineral estate was conveyed by the Union Pacific Railroad Company to defendant Union Pacific Land Resources Corporation. This corporation then executed a mineral deed of the oil and gas rights to Champlin Petroleum Company. Champlin then granted an oil and gas lease to Amoco Production Company;

6. The language of the mineral reservation covering all of the subject lands except Section 5 of Township 12 North, Range 117 West of the 6th P.M. ("Section 5") is in the identical language of the mineral reservation construed by this Court in *Amoco Pro-*

*duction Company v. Guild Trust,* 461 F.Supp. 279 (Wyo.1978),[1] in which the parties were the same as the parties to the present case.

7. The mineral reservation covering Section 5 reserves "the exclusive right to prospect for coal and other minerals within the underlying said lands, and to mine for and remove the same, if found . . ."

8. There is no genuine issue as to any material fact and the issue to be determined is a question of law.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this controversy upon removal from the District Court of the Third Judicial District in Uinta County, Wyoming, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a);

2. The meaning of the reservation "all coal and other minerals" covering all of the Subject Lands except Section 5 has been previously determined by this court in its decision, *Amoco Production Company v. Guild Trust,* supra, and plaintiffs are precluded by collateral estoppel from relitigating that question in this court. *Parkland Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979);

3. Under property law, a reservation of an exclusive and unrestricted mining right is in effect a severance of the mineral estate from the surface estate which creates a fee simple estate in the minerals in place. 1A Thompson On Real Property § 160 at p. 37; 6 Thompson § 3096 at pp. 817–818 (replacement volumes 1964 and 1962); 58 C.J.S. Mines and Minerals § 155

---

1. The reservation in the Deed reads:

"Excepting and reserving to said Union Pacific Railroad Company, its successors and assigns,

First: A strip of land two (200) hundred feet wide on each side of the center line of the railroad of said Union Pacific Railroad Company as said road is now constructed over and across said land.

Second: All coal and other minerals within or underlying said lands.

Third: The exclusive right to prospect in and upon said land for coal and other minerals therein, and to mine for and remove, from

said land, all coal and other minerals which may be found thereon by anyone.

Fourth: The right of ingress, egress and regress upon said land to prospect for, mine and remove any and all such coal or other minerals, and the right to use so much of said land as may be convenient or necessary for the right of way to and from such prospect places or mines, and for the convenient and proper operation of such prospect places, mines and for roads and approaches thereto or for removal therefrom of coal, mineral, machinery or other material."

728

at pp. 317–318; *Caldwell v. Fulton*, 31 Pa.St. 475, 72 Am.Dec. 760 (Pa.1858); *List v. Cotts*, 4 W.Va. 543, 545 (1871); *Massot v. Moses*, 3 S.C. 168, 16 Am.Rep. 697 (1871); *Lee v. Bumgardner*, 86 Va. 315, 10 S.E. 3 (1889); *Outlaw v. Gray*, 163 N.C. 325, 79 S.E. 676 (1913); *Gray-Mellon Oil Co. v. Fairchild*, 219 Ky. 143, 292 S.W. 743, 745–46 (1927); *Bostic v. Bostic*, 199 Va. 348, 99 S.E.2d 591, 66 A.L.R.2d 971 (1957); *Picard v. Richards*, 366 P.2d 119, 123 (Wyo.1961); *Clevenger v. Continental Oil Co.*, 149 Colo. 417, 369 P.2d 550 (1962); *Kirby Lumber Corp. v. Claypool*, 438 S.W.2d 655 (Tex.Civ. App.1969); *Mauch v. Ballou*, 499 P.2d 591, 593 (Wyo.1972). See also cases cited in 66 A.L.R.2d 978 (1959); 31 Rocky Mt.L.Rev. 393 (1959); 6 Utah L.Rev. 435, 437 (1959); 7 U.C.L.A. Law Rev. 383 (1960) and 2 Rocky Mountain Mineral Law Institute 1, 17 (1956);

■ 4. The reservation in the deed to Section 5 reserves an exclusive mining right which severs the mineral estate from the surface estate creating a fee simple mineral estate in the respective defendants;

■ 5. The mineral estate severed by the reservations in the Section 5 deed includes oil, gas and associated liquid and gaseous hydrocarbons as well as all other minerals. *Amoco Production Co. v. Guild Trust*, supra;

6. Defendants are entitled to a summary judgment quieting title in them, as their respective interests appear of record, to the mineral estate, including all oil, gas and associated liquid and gaseous hydrocarbons, in the Subject Lands;

NOW, THEREFORE, IT IS

ORDERED that defendants' Motion for Summary Judgment be and the same is hereby sustained; it is

FURTHER ORDERED that Summary Judgment be and the same is hereby entered on behalf of the defendants; it is

FURTHER ORDERED that defendants are collectively the owners in fee simple of all right, title and interest in and to all coal and other minerals, including all oil, gas and associated liquid and gaseous hydrocar-

bons, together with attendant rights of reasonable surface access to the Subject Lands, and the right, title and interest of defendants thereto is forever quieted; it is

FURTHER ORDERED that each party is to pay its own cost.