LEWIS W. FRYE AND WIFE, VIRGINIA FRYE v. WILLIAM W. ARRINGTON AND WIFE, LILLIAN P. ARRINGTON; EDWARD T. ARRINGTON AND WIFE, LOUISE ARRINGTON; LESSIE ARRINGTON, SINGLE; MARY A. DAVIS AND HUSBAND, DONALD DAVIS; WILLIAM A. TAYLOR AND WIFE, CAROL TAYLOR; EDGAR H. TAYLOR AND WIFE, CHARLENE N. TAYLOR; AND LILLIAN T. PINER AND HUSBAND, JOHN PINER

No. 813SC1076

(Filed 6 July 1982)

Deeds § 14.1 — reservation of mineral rights — pre-1968 deed — habendum clause explaining granting clause

In an action to remove a cloud on plaintiffs' title to land conveyed in 1946, the trial court properly entered summary judgment for defendants where the habendum limited the granting clause by containing a reservation which could be read as limiting the fee conveyed to a fee in the surface of the lands described.

APPEAL by plaintiffs from *Reid, Judge.* Judgment entered 14 September 1981 in Superior Court, CARTERET County. Heard in the Court of Appeals 25 May 1982.

Plaintiffs appeal from an order granting summary judgment in favor of defendants.

This is a civil action to remove a cloud on plaintiffs' title to lands in Carteret County. The material facts are not in dispute.

Frye v. Arrington

On 26 July 1946, Mary Arrington conveyed to North Carolina Pulp Company by deed in fee simple with warranty, a tract of land located in Carteret County, North Carolina. Immediately following the metes and bounds description of the land appears the following language:

> "The said Mary G. Arrington also reserves unto herself and her heirs and assigns, all the oil, gas and mineral in and under the surface of said lands and all rights of ownership therein, with full right and license to explore, mine, develop and operate for any and all of said products and to erect necessary buildings, pipe lines, machinery and equipment necessary in and about the business of mining, developing or operating for any of said products, according to the privileges and customs of the field that may be developed upon said tract of land, but it is expressly covenanted and agreed that no damage will be done to the timber or trees in said operations."

The *habendum* incorporates the foregoing reservation of oil and mineral rights.

Plaintiffs have succeeded to the title of North Carolina Pulp Company in 128 acres of the original conveyance. They are the owners of all rights and interests in that parcel which were conveyed by the deed of Mary Arrington in 1946. Defendants are the heirs of Mary Arrington and the owners of any rights reserved.

Upon plaintiffs' motion for summary judgment, the court considered the parties' exhibits, stipulations and evidence. It found that there was no genuine issue as to any material fact. It found that in the premises and the *habendum* of the 1946 deed, Mary Arrington reserved all oil, gas and mineral rights in the land. It further found that it was the intent of Mary Arrington to reserve those rights. Based on its findings and conclusions of law, the court ordered that the deed reserved all rights of ownership in oil, gas and minerals in and under the surface of the described lands unto Mary Arrington and her heirs. It denied plaintiffs' motion and entered summary judgment in favor of defendants.

*Nelson W. Taylor III, for plaintiff appellants.*

*Wheatly, Wheatly and Nobles, by John E. Nobles, Jr., for defendant appellees.*

VAUGHN, Judge.

Summary judgment is proper only when there is no genuine issue as to any material fact and one party is entitled to judgment as a matter of law. *Brenner v. School House, Ltd.*, 302 N.C. 207, 274 S.E. 2d 206 (1981). In the present action, both parties are in agreement as to the facts. The controversy centers on the construction to be given the reservation found in the description and the *habendum*. Plaintiffs argue that the reservation is void for repugnancy with the grant in fee simple. We disagree.

At the outset, we note that G.S. 39-1.1 is inapplicable to the present action. In construing deeds executed prior to 1 January 1968, courts must look to common law rules. *Whetsell v. Jernigan*, 291 N.C. 128, 229 S.E. 2d 183 (1976). At common law, the granting clause was the essence of the contract. *Artis v. Artis*, 228 N.C. 754, 760, 47 S.E. 2d 228, 232 (1948). Therefore, when there was an inconsistency between the granting clause and the *habendum*, and the intent of the grantor was unclear, the granting clause controlled. *Seawell v. Hall*, 185 N.C. 80, 116 S.E. 189 (1923); *Triplett v. Williams*, 149 N.C. 394, 63 S.E. 79 (1908).

Courts further held, however, that technical rules of construction were not to be strictly applied if to do so would defeat the obvious intent of the grantor. *E.g., Bryant v. Shields*, 220 N.C. 628, 631, 18 S.E. 2d 157, 159 (1942); *Elliott v. Jefferson*, 133 N.C. 207, 214-16, 45 S.E. 558, 561 (1903). Common law recognized that in some situations the *habendum* would prevail:

> "[I]t is suggested as an elementary maxim that when there are repugnant clauses in a deed the first will control and the last will be rejected, but in . . . other cases, it is held that this principle must be subordinated to the doctrine heretofore stated, that the intent of the parties as embodied in the entire instrument is the end to be attained, and that a subsequent clause may be rejected as repugnant or irreconcilable only after subjecting the instrument to this controlling principle of construction. [Citations omitted.] Having regard to this principle, we must likewise give effect to another of equal importance, which is this: the office of the *habendum* being to lessen, enlarge, explain, or qualify the estate granted in the premises, the granting clause and the *habendum* must be construed together, and any apparent in-

consistency reconciled, if possible, because the *habendum* may control where it clearly manifests the grantor's intention. 'It may be formulated as a rule that where it is impossible to determine from the deed and surrounding circumstances that the grantor intended the *habendum* to control, the granting words will govern, but if it clearly appears that it was the intention of the grantor to enlarge or restrict the granting clause by the *habendum*, the latter must control.' 1 Devlin on Deeds, sec. 215 [Citations omitted]."

*Seawell v. Hall*, 185 N.C. at 83, 116 S.E. at 191; *Triplett v. Williams, supra.*

In the 1946 deed, it is obvious that Mary Arrington's intent was *not* to convey oil, gas and mineral rights. A reservation of those rights is found in language following the description as well as in the *habendum*. We must determine whether the *habendum* and granting clause can be construed together to effectuate the grantor's intent.

Plaintiffs argue that the two clauses are irreconcilable. If the deed had expressly granted mineral rights to North Carolina Pulp Company, we would agree. A recognized canon of construction is that the *habendum* cannot divest an estate already vested by the granting clause. *E.g., Triplett v. Williams*, 149 N.C. at 395, 63 S.E. at 79.

Here, however, the reservation follows a grant by general description. The Supreme Court has held that similar reservations of timber rights are valid. *See Hardison v. Lilley*, 238 N.C. 309, 78 S.E. 2d 111 (1953); *Mining Co. v. Cotton Mills*, 143 N.C. 307, 55 S.E. 700 (1906). In *Hardison v. Lilley, supra*, the Court explained: "[T]he reservation and exception relate only to the *quantum* of the property described, and not to the quality of the estate conveyed, and are therefore not repugnant to the fee simple estate in that which was conveyed. . . ." 238 N.C. at 311, 78 S.E. 2d at 112. *See also Singleton v. School Dist. No. 34*, 10 S.W. 793 (Ky. 1889).

The reservation of mineral rights in the 1946 deed can likewise be explained without destroying the grant. Ordinarily, a general grant is sufficient to convey minerals in and under the surface of the described land. Mineral rights, however, may be

severed from surface rights. *Vance v. Pritchard*, 213 N.C. 552, 197 S.E. 182 (1938). When Mary Arrington reserved unto herself an estate in fee in the minerals, she necessarily reduced the quantity of the estate conveyed to the land's surface. The reservation, however, had no effect on the fee she conveyed to North Carolina Pulp Company in that surface. *Accord Associated Oil Co. v. Hart*, 277 S.W. 1043 (Tex. 1925).

In summary, where it is clearly the intention of the grantor to limit or explain the granting clause by the *habendum*, the latter, according to common law, will control. Here, the *habendum* contains a reservation which can be read as limiting the fee conveyed to a fee in the surface of the lands described. This construction reconciles any apparent inconsistency between the granting clause and *habendum*, and is in line with the grantor's clear intent. We, therefore, conclude that the court properly held, as a matter of law, that the Mary Arrington deed reserves all oil, gas and mineral rights in and under the surface of the conveyed lands unto Mary Arrington and her heirs.

The court's order entering summary judgment in favor of defendants is affirmed.

Affirmed.

Judges MARTIN (Harry C.) and HILL concur.