ROBERT P. IVES AND LOIS A. IVES, PLAINTIFFS v. REAL-VENTURE, INC., JAMES R. HOYLE AND STEPHEN B. CORBOY, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. McCOY, WEAVER, WIGGINS, CLEVELAND AND RAPER, A NORTH CAROLINA PARTNERSHIP, DONALD W. McCOY, L. STACY WEAVER, RICHARD WIGGINS, NEIL V. DAVIS, ELMO RUSSELL ZUMWALT, III, AND DONALD STEPHEN BUNCE, THIRD-PARTY DEFENDANTS

No. 8912SC154

(Filed 20 February 1990)

1. **Rules of Civil Procedure § 58 (NCI3d)— entry of judgment— notation by clerk erroneous**

Where a trial judge indicated the nature of his decision and ordered counsel for third-party defendants to draft a judgment to be entered after both the judge and opposing counsel had opportunity to review it, the judge did not render judgment in open court; therefore, the clerk erred in noting in the court's minutes the entry of judgment, and that judgment was not "entered" for purposes of giving notice of appeal until the written order was signed and filed. N.C.G.S. § 1A-1, Rule 58.

**Am Jur 2d, Judgments §§ 54, 157, 158.**

2. **Deeds § 14.1 (NCI3d)— severance and reservation of mineral rights by predecessor—effectiveness**

The severance and reservation of mineral rights to plaintiffs' predecessor in title was not rendered invalid because the granting, habendum, and warranty clauses in the deeds conveying the property recited a transfer of fee simple interests without mention of any reservation, since the severance created two distinct estates, and the language in the deeds constituted a limitation on the quantity of the property described, not a limitation on the quality of the estate conveyed. Since title to the mineral rights had been severed from the title to the surface of the land described and was vested in a third party, plaintiffs as a matter of law breached their covenant of seisin when they conveyed to defendants with no limitation in the description of the property conveyed.

**Am Jur 2d, Deeds § 75.**

3. **Attorneys at Law § 5.1 (NCI3d) — defendants' duty to conduct title search and obtain title insurance — summary judgment improper**

   A genuine issue of material fact existed as to whether third-party defendants had a duty to conduct a title search or obtain title insurance on behalf of defendants, their clients, and the trial court therefore erred in granting summary judgment for third-party defendants.

   **Am Jur 2d, Attorneys at Law § 207.**

APPEAL by defendants and third-party plaintiffs from order entered 17 October 1988 by *Judge Giles R. Clark* in CUMBERLAND County Superior Court. Heard in the Court of Appeals 14 September 1989.

In 1983 defendant, Real-Venture, Inc. (herein "Real-Venture"), purchased from plaintiffs a 53.58-acre tract of land in Cumberland County, intending to develop the land for residential housing. The purchase was partially financed by Real-Venture executing a promissory note payable to plaintiffs in the amount of $25,000.00. This note was endorsed by defendants James R. Hoyle and Stephen B. Corboy. Defendants retained Neil V. Davis of the law firm of McCoy, Weaver, Wiggins, Cleveland and Raper to represent Real-Venture in the acquisition and development of the property. Defendants were not informed before purchasing the land that plaintiffs' predecessor in title, Dixie Yarns, Inc. (herein "Dixie"), purportedly retained mineral rights to the property. Upon learning of the cloud on its title, Real-Venture did not proceed with its development plans and failed to make payments to plaintiffs on the promissory note.

Plaintiffs instituted this action to recover on the promissory note executed by Real-Venture and endorsed by Hoyle and Corboy. Defendants defended by asserting plaintiffs' failure to transfer good title. Defendants also filed a third-party complaint against Mr. Davis and the firm of McCoy, Weaver, Wiggins, Cleveland and Raper alleging negligence in failing to find and report the reservation of mineral rights and in failing to obtain title insurance for defendants.

Plaintiffs and third-party defendants moved for summary judgment. These motions were heard before the Honorable H. Pou Bailey at the 13 June 1988 Civil Session of Cumberland County Superior Court. At the conclusion of the hearing Judge Bailey

IVES v. REAL-VENTURE, INC.

[97 N.C. App. 391 (1990)]

indicated his intention to grant the motions for summary judgment in favor of plaintiffs and third-party defendants. He then directed counsel for third-party defendants to draw a judgment, circulate it among counsel and submit it to the court. Unbeknown to Judge Bailey the clerk made an entry of judgment in the minutes of the court. The written judgment was signed and filed on 27 June 1988.

On 30 June 1988, defendants filed notice of appeal. Plaintiffs and third-party defendants filed motions to dismiss the appeal as untimely, contending that judgment had been entered in open court on 13 June 1988 and that the statutory ten-day period had elapsed. Defendants appeal from an order by the Honorable Giles R. Clark granting the motions to dismiss the appeal from the summary judgment. Additionally, defendants have petitioned this Court for a writ of certiorari to review the summary judgment. That petition was denied without prejudice on 28 February 1989.

*Reid, Lewis & Deese, by Renny W. Deese, for plaintiff-appellees.*

*Bailey & Dixon, by Gary S. Parsons and Alan J. Miles, for defendant-appellants.*

*Purser, Cheshire, Parker, Hughes & Manning, by Thomas C. Manning, for defendant-appellants.*

*Russ, Worth, Cheatwood & Guthrie, by Walker Y. Worth, Jr., for third-party defendant-appellees.*

PARKER, Judge.

[1] The first issue before this Court is whether the court below erred in dismissing defendants' appeal as untimely. For judgments entered prior to 1 July 1989, Rule 3 of the N.C. Rules of Appellate Procedure requires that written notice of "appeal from a judgment or order in a civil action or special proceeding must be [given] within 10 days after its entry." Rule 3(c), N.C. Rules App. Proc. General Statute 1A-1, Rule 58 provides:

> Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare,

IVES v. REAL-VENTURE, INC.

[97 N.C. App. 391 (1990)]

sign, and file the judgment without awaiting any direction by the judge.

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties.

G.S. 1A-1, Rule 58.

The question for this Court is whether Judge Bailey's announcement in open court allowing plaintiffs' and third-party defendants' motions for summary judgment was judgment for "a sum certain or costs or that all relief [should] be denied," and thus a judgment whose "entry" is controlled by paragraph one of Rule 58, or whether the "entry" of judgment in this case was controlled by another provision of Rule 58.

After careful review of the judgment, the minutes, and Judge Bailey's affidavit, we conclude that entry of judgment in the present case is controlled by paragraph three of Rule 58. In his affidavit Judge Bailey avers the following:

4. That at the conclusion of the hearing, he indicated that he would allow the Plaintiffs' Motion for Summary Judgment, and allow the Third-Party Defendants' various Motions for Summary Judgment, and directed counsel for the Third-Party Plaintiffs [sic] to prepare an Order and submit it to the Court and to opposing counsel for their consideration prior to entry.

. . . .

6. That the Order which the undersigned signed on June 27, 1988 was the Judgment of the Court, and that the undersigned had the case under advisement until the order was signed on June 27, 1988. No final judgment was entered, nor was it intended to be entered, until the undersigned, after consulting with all counsel on the proposed order, signed the

order and sent it to the Clerk of Cumberland County Superior Court for filing.

From this affidavit it is clear that Judge Bailey did not render judgment in open court on 13 June 1988 for the purposes of entry of judgment under Rule 58; rather, he indicated the nature of his decision and ordered counsel for third-party defendants to draft a judgment to be entered after both the judge and opposing counsel had opportunity to review it.

The present case is analogous to *Kahan v. Longiotti*, 45 N.C. App. 367, 263 S.E.2d 345, *disc. rev. denied*, 300 N.C. 374, 267 S.E.2d 675 (1980), *overruled on other grounds in Love v. Moore*, 305 N.C. 575, 291 S.E.2d 141 (1982) where, after a hearing on defendant's motion to dismiss plaintiff intervenor's complaint for insufficiency of process, the trial judge instructed plaintiff intervenor's attorney to draw an order and granted defendant's request to receive notice of the signing and entry of the order. Also in *Kahan*, as in the present case, on the day of the hearing, without the trial judge's knowledge, the clerk noted in the minutes of the court that defendant's motion to dismiss plaintiff intervenor's complaint had been denied. After defendant appealed from the order, plaintiff intervenor moved to dismiss the appeal as untimely, contending that judgment had been entered on the date of the hearing and that the appeal was not timely. The motion to dismiss the appeal was denied and plaintiff intervenor appealed to this Court. This Court held that the clerk erred in noting in the court's minutes the entry of judgment denying defendant's motion, and that judgment was not "entered" for purposes of giving notice of appeal until the written order was signed and filed. *Id.* at 371, 263 S.E.2d at 348.

The purpose of Rule 58 is to provide notice of the entry of judgment to all parties and to identify the moment of entry of judgment. *Barringer & Gaither, Inc. v. Whittenton*, 22 N.C. App. 316, 206 S.E.2d 301 (1974). Although, in the present case, the effect of the judgment was to dismiss the defendants' claim against the third-party defendants and to award sums certain on all other claims, the trial judge gave instructions about the judgment and the parties were entitled to rely on the judge's indication that he would not enter judgment until all parties had opportunity to review the written judgment. *See Council v. Balfour Products Group*, 74 N.C. App. 668, 673, 330 S.E.2d 6, 9, *disc. rev. denied*, 314 N.C. 538, 335 S.E.2d 316 (1985); *Arnold v. Varnum*, 34 N.C. App. 22, 28,

237 S.E.2d 272, 275, *disc. rev. denied and appeal dismissed,* 293 N.C. 740, 241 S.E.2d 513 (1977); *Fitch v. Fitch,* 26 N.C. App. 570, 574-75, 216 S.E.2d 734, 736-37, *cert. denied,* 288 N.C. 240, 217 S.E.2d 679 (1975). *But see L. Harvey and Son Co. v. Shivar,* 83 N.C. App. 673, 351 S.E.2d 335 (1987).

When defendants appealed the order dismissing their appeal from the 27 June 1988 judgment, they also petitioned the Court for a writ of certiorari to review the merits of their appeal from that judgment. The petition for certiorari was denied without prejudice. In their brief, counsel for defendants have urged the Court to exercise its discretion to review the merits of the appeal from the 27 June 1988 summary judgment. Since we have now determined that defendants' appeal from the 27 June 1988 judgment should not have been dismissed and since the judicially settled record before this Court is sufficient to permit effective judicial review of the summary judgments, opposing counsel having fully briefed all arguments related to the appeal, we review the merits of defendants' appeal at this time.

[2]    The written judgment granting plaintiffs' and third-party defendants' motions for summary judgment was based on Judge Bailey's determination that the reservation by plaintiffs' predecessor in interest of mineral rights on the 53 acres purchased by Real-Venture from plaintiffs was ineffective and that Real-Venture received fee simple title to the land. The essential facts to the transaction are as follows.

In 1965 Dixie Yarns, Inc. executed a deed to 36.5 acres of land in the Rockfish Township of Cumberland County conveying fee simple title to Rockfish Golf Club, Inc. (herein "Rockfish"). In 1967 a second deed was executed conveying fee simple interest from Dixie to Rockfish in 13.28 acres similarly situated. Both deeds contained language reserving all mineral rights in the grantor, Dixie Yarns. The following are the relevant parts of these deeds from Dixie to Rockfish with the words which appear to have been typed on the forms italicized:

WITNESSETH: That the said *party* of the first part, for certain good and valuable considerations and TEN DOLLARS to *it* paid by said *party* of the second part, the receipt of which is hereby acknowledged, *has* bargained and sold, and by these presents do bargain, sell and convey to said *party of the second part,* and *its sucessors* ~~heirs~~ and assigns, *a* certain tract or

parcel of land in *Rockfish* Township, *Cumberland* County, State of *North Carolina*, and bounded as follows, viz:

Following the granting clause in the deed was a description of the property. Immediately following the description was this provision:

The grantor reserves all mineral rights in the above described property.

The habendum clause followed, providing:

TO HAVE AND TO HOLD the aforesaid tract or parcel of land, and all of the privileges and appurtenances thereto belonging, to the said part*y* of the second part, *its successors heirs* and assigns, to *its* only use and behoof forever. And the said party of the first part, for its successors or assigns, COVENANTS with the said part*y* of the second part, *its successors heirs* and assigns, that it is seized of said premises in fee and has the right to convey in fee simple; that the same is free and clear from all encumbrances, and that it does hereby WARRANT and will forever DEFEND the said title to the same against the claims of all persons whomsoever.

In 1971 Rockfish transferred the Dixie property to an individual named Tyson without mention of Dixie's reservation of the mineral rights. In 1973 Tyson transferred the property to Golfview Enterprises, Inc. In 1980 Golfview transferred an undivided one-half interest in the entire tract to an individual named Harrington. In 1983 both Golfview and Harrington conveyed their undivided interests in the land to plaintiffs who subsequently conveyed to defendants. In this chain of title only the deeds from Dixie to Rockfish contained the mineral rights reservation.

Defendants assert that this reservation was a breach of plaintiffs' covenant of seisin; that they relied on plaintiffs' warranties and have been damaged in excess of $100,000.00; and that they were entitled to a set-off for damages thus incurred. As to third-party defendants, defendants claim that third-party defendants were negligent in failing to discover and disclose the mineral rights reservation and in failing to procure title insurance. Plaintiffs assert that the reservation and severance of mineral rights to Dixie was invalid because the granting, habendum, and warranty clauses in the deeds conveying the property to Rockfish recited a transfer of fee simple interests without mention of any reservation or excep-

tion. Plaintiffs argue, therefore, that they conveyed a fee simple marketable title to defendants and that defendants are liable for the full amount of their promissory note.

The parties agree that deeds executed prior to 1 January 1968 are to be construed according to common law rules as opposed to the statutory rule of construction found in G.S. 39-1.1(a). *Whetsell v. Jernigan*, 291 N.C. 128, 133, 229 S.E.2d 183, 187 (1976); *Frye v. Arrington*, 58 N.C. App. 180, 182, 292 S.E.2d 772, 773 (1982). Plaintiffs contend that the following rule enunciated by our Supreme Court is controlling: "[W]here the entire estate in fee simple, in unmistakable terms, is given the grantee in a deed, both in the granting clause and *habendum*, the warranty being in harmony therewith, other clauses in the deed, repugnant to the estate and interest conveyed, will be rejected." *Artis v. Artis*, 228 N.C. 754, 761, 47 S.E.2d 228, 232 (1948). *See also Whetsell v. Jernigan*, 291 N.C. at 130, 229 S.E.2d at 185; *Oxendine v. Lewis*, 252 N.C. 669, 672, 114 S.E.2d 706, 709 (1960). We disagree with plaintiffs' contention.

The law in this State has long recognized that "the surface of the earth and the minerals under the surface may be severed by a deed, or reservation in a deed, and when so severed, they constitute two distinct estates." *Hoilman v. Johnson*, 164 N.C. 268, 269, 80 S.E. 249, 250 (1913) (citing *Outlaw v. Gray*, 163 N.C. 325, 79 S.E. 676 (1913) ). The owner may convey a present estate in the unmined minerals and retain title to the surface, or the owner may convey a present estate in the surface and retain title to the minerals. *Builders Supplies Co. v. Gainey*, 282 N.C. 261, 267, 192 S.E.2d 449, 453-54 (1972). Viewed in light of this principle, the language in the deeds to be construed in this case is a limitation on the quantity of the property described, not a limitation on the quality of the estate conveyed. *Hardison v. Lilley*, 238 N.C. 309, 311, 78 S.E.2d 111, 112 (1953). *See also Frye v. Arrington*, 58 N.C. App. at 183, 292 S.E.2d at 774 (1982). Dixie Yarns conveyed a fee simple in the surface of the land to its successors in title and retained the mineral rights. Because the fee simple in the surface of the land was conveyed, the language following the description wherein Dixie Yarns retained the mineral rights was not repugnant to the granting, habendum, or warranty clauses in the deeds. The rule of construction stated in *Artis v. Artis, supra*, is, therefore, not applicable.

IVES v. REAL-VENTURE, INC.

[97 N.C. App. 391 (1990)]

The deed from plaintiffs to defendants contained no limitation in the description of the property conveyed. "Ordinarily, a general grant is sufficient to convey minerals in and under the surface of the described land." *Frye v. Arrington*, 58 N.C. App. at 183, 292 S.E.2d at 774. Therefore, by their covenant of seisin plaintiffs warranted that they had the right to convey the estate described in the deed both as to quality and as to quantity. *See Riddle v. Nelson*, 84 N.C. App. 656, 660, 353 S.E.2d 866, 869 (1987). Since title to the mineral rights had been severed from the title to the surface of the land described and was vested in a third party, plaintiffs as a matter of law breached their covenant of seisin when they conveyed to defendants. Accordingly, the trial judge erred in entering summary judgment for plaintiffs and the action must be remanded for a jury to determine the measure of defendants' damages for plaintiffs' breach of their covenant of seisin. In *Campbell v. Shaw*, 170 N.C. 186, 86 S.E. 1035 (1915), our Supreme Court held:

> Where there is a failure of title to a part of the land, or a partial breach of the covenant of seizin, the rule is thus stated: "The measure of damages for breach of warranty of title to land is the proportion that the value of the land to which title fails bears to the whole consideration paid. That is, the proportion of the value of the land as to which the title fails bears to the whole, estimated on the basis of the consideration paid." *Lemly v. Ellis*, 146 N.C., 221.

*Id.* at 186-87, 86 S.E. at 1035.

[3] We also hold that the trial court erred in granting summary judgment for third-party defendants dismissing the third-party complaint. Although third-party defendants presented deposition testimony that they were not retained to conduct a title search or purchase title insurance, defendants presented an affidavit that third-party defendants were retained for these purposes. Therefore, a genuine issue as to a material fact exists as to whether third-party defendants had a duty to conduct a title search and/or obtain title insurance on behalf of defendants.

Finally, we note that the summary judgment could not have adjudicated Dixie Yarns' interest in the property, Dixie not having been joined as a party to the litigation. *See Long v. City of Charlotte*,

306 N.C. 187, 293 S.E.2d 101 (1982), and *Wall v. Sneed*, 13 N.C. App. 719, 187 S.E.2d 454 (1972).

The judgment dismissing defendants' appeal is reversed.

The trial court's grant of summary judgment in favor of plaintiffs is reversed and the case remanded for trial as to damages.

The trial court's grant of summary judgment dismissing the third-party complaint for negligence is reversed and remanded for trial on the merits.

The trial court's grant of summary judgment dismissing plaintiffs' cross-claim for indemnity against third-party defendants is reversed and remanded for trial on the merits.

The grant of summary judgment as to third-party defendants' counterclaims against defendants for professional services rendered is also reversed.

Judges WELLS and PHILLIPS concur.