HUSSAIN MUDUSAR, AN INFANT WHO SUES BY AND THROUGH HIS GUARDIAN AD LITEM, QAMAR H. BALOCH, APPELLANT v. V. G. MURRAY & COMPANY, INC., APPELLEE v. NORTH CAROLINA STATE UNIVERSITY, THIRD-PARTY DEFENDANT

No. 9010SC175

(Filed 2 October 1990)

1. **Negligence § 50.1 (NCI3d) — injury to child — failure to install protective window screens — summary judgment for defendant**

Summary judgment was properly entered for defendant in an action to recover damages for injuries sustained by a child after falling from a second-story window in an apartment building where plaintiff alleged negligence in failing to install and maintain protective window screens. While a landlord may be held liable for breach of an express agreement to install or repair protective window screens, he or she has no common law duty to provide or maintain them.

**Am Jur 2d, Landlord and Tenant §§ 915, 916, 919, 963.**

2. **Landlord and Tenant § 8 (NCI3d) — failure to install protective window screens — no breach of implied warranty of habitability**

Summary judgment was properly granted for defendant in an action to recover damages for injuries sustained by a child after falling from a second-story window where plaintiff alleged breach of the implied warranty of habitability in that defendant failed to install protective window screens. The Raleigh City Housing Code outlines minimum requirements for making a dwelling fit and habitable and requires only that window screens be sufficient to protect against intrusion by insects. Both parties here acknowledge that screens were sufficient to keep insects from entering the dwelling and there

was therefore nothing about the window screens which made the premises unfit for habitation in violation of the statute. N.C.G.S. § 42-38.

**Am Jur 2d, Landlord and Tenant §§ 768, 769, 771, 772; Premises Liability § 635.**

APPEAL by plaintiff from *Bailey (James H. Pou), Judge*. Judgment entered 15 November 1989 in Superior Court, WAKE County. Heard in the Court of Appeals 19 September 1990.

This is a civil action wherein plaintiff, by and through his Guardian ad Litem, seeks to recover damages for injuries he sustained after falling from a second-story window in an apartment building managed by defendant and owned by third-party defendant. The record tends to show that on 20 September 1988, plaintiff, a young child, was playing in the bedroom of his parents' apartment. After climbing onto a table located directly beneath one of the bedroom windows, plaintiff, despite the presence of a window screen, fell through the window approximately twenty-five feet to the concrete below. Plaintiff subsequently filed a complaint alleging that his injuries were a direct and proximate result of defendant's negligence. Alternatively, the complaint alleged that defendant had breached its implied warranty of habitability and had created and maintained a private nuisance by failing to maintain protective window screens.

On 15 November 1989, the trial court entered an order allowing defendant's motion for summary judgment. Plaintiff appealed.

*LeBoeuf, Lamb, Leiby & MacRae, by Jane Flowers Finch and Douglas J. Tate, for plaintiff, appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Donna Renfrow Rutala, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff's sole argument on appeal is that the trial court erred by allowing defendant's motion for summary judgment. He claims there was a genuine issue "as to whether V. G. Murray breached the standard of care to keep the premises fit and habitable."

It is well settled that summary judgment is appropriate only where there exists no genuine issue of material fact so that the

**MUDUSAR v. V. G. MURRAY & CO.**

[100 N.C. App. 395 (1990)]

moving party is entitled to judgment as a matter of law. *Frye v. Arrington*, 58 N.C. App. 180, 292 S.E.2d 772 (1982). However, where the pleadings or proof disclose that no cause of action exists, there can be no genuine issue of material fact, and therefore summary judgment may be granted. *Kessing v. National Mtg. Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971).

[1] Whether a landlord can be held liable, under a theory of negligence or private nuisance, for failing to install and maintain protective window screens appears to be a question of first impression before this Court. We therefore look for guidance to other jurisdictions which have already addressed this issue. At least one jurisdiction has determined that a landlord may be held liable when a person is injured by falling through a window with an improperly installed or missing screen. *See Lamkin v. Towner*, 190 Ill. App. 3d 631, 546 N.E.2d 1020 (1989). Nevertheless, a number of other jurisdictions dealing with this question have refused to require a landlord, absent some specific agreement or covenant to repair, to install and maintain protective window screens:

> In cases involving injuries, usually to children of tender years, arising from falling through [windows with] defectively installed or absent screens, it has been generally held that no tort liability attaches to the landlord. In the majority of these cases, the rationale of the decisions denying liability proceeded on a determination of the absence of any duty of the landlord to the tenant either to install or repair screens in a fashion to prevent individuals or children from falling through.

*Riley v. Cincinnati Metropolitan Housing Authority*, 36 Ohio App. 2d 44, 47, 301 N.E.2d 884, 887 (1973). We believe the rule stated in *Riley* should apply in the present case. While a landlord may be held liable for breach of an express agreement to install or repair protective window screens, he or she has no common law duty to provide or maintain them. In the absence of such an express agreement owed to plaintiff, the pleadings and proof do not state a cause of action for negligence or private nuisance.

[2] Plaintiff's complaint also alleges that the condition of the screens in the apartment amounted to a breach by defendant of its implied warranty of habitability in violation of the North Carolina Residential Rental Agreement Act. G.S. § 42-38 *et seq.* Plaintiff contends that defendant's failure to install protective screens created a genuine issue as to whether, under the statute, the apartment was

fit for habitation. However, the Raleigh City Housing Code, pursuant to authority granted in the Residential Rental Agreement Act, outlines the minimum requirements for making a dwelling fit and habitable. With respect to window screens, Section 10-6122(3)(a) of the Code requires only that they be sufficient to protect against intrusion by insects. Since both parties acknowledge that the screens were sufficient to keep insects from entering the dwelling, we conclude there was nothing about the window screens which made the premises unfit for habitation in violation of the statute.

For the reasons stated herein, we hold the trial judge properly allowed defendant's motion for summary judgment. The judgment of the trial court is affirmed.

Affirmed.

Judges ARNOLD and PHILLIPS concur.